[Cite as *State v. Curry*, 2015-Ohio-227.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,               CASE NO.  5-14-26

    v.

DERICK R. CURRY, JR.,              O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Hancock County Common Pleas Court
Trial Court No. 2014-CR-4

**Judgment Affirmed**

Date of Decision:   January 26, 2015

APPEARANCES:

    *Scott B. Johnson* **for Appellant**

    *Mark C. Miller and Alex K. Treece*  **for Appellee**

**SHAW, J.**

{¶1} Defendant-appellant, Derick R. Curry, Jr. ("Curry"), appeals the July 11, 2014 judgment of the Hancock County Court of Common Pleas finding him guilty of aggravated robbery and sentencing him to serve seven years in prison.

{¶2} On January 9, 2014, the Hancock County Grand Jury indicted Curry on one count of aggravated robbery in violation of R.C. 2911.01(A)(1), a felony of the first degree, and one count of felonious assault in violation of R.C. 2903.11(A)(2), a felony of the second degree. Each count carried with it an additional firearm specification. The indictment stemmed from allegations that on December 19, 2013, Curry and his co-defendant, Tyrel Jones, entered an apartment in Findlay, Ohio, with the intention of robbing the occupants. During the commission of the crime, Jones, who was brandishing a .40 caliber handgun, discharged the weapon causing serious physical harm to Christopher A. Ingleston.

{¶3} On April 16, 2014, Curry appeared for arraignment and entered a plea of not guilty.

{¶4} On May 23, 2014, pursuant to a negotiated plea agreement, Curry pled guilty to the amended charge of aggravated robbery without the firearm specification. Notably, during its Crim.R. 11 colloquy, the trial court advised Curry that the aggravated robbery offense carried a possible prison term of three to eleven years. At this time, the parties also informed the trial court that they both

would be asking for a seven-year "cap" on the possible prison terms to be imposed at sentencing. (Doc. No. 43 at 10). The trial court advised Curry that it was not bound to impose the parties' recommendation, which Curry in turn acknowledged on the record.

{¶5} On July 9, 2014, a sentencing hearing was held. The trial court sentenced Curry to seven years in prison.

{¶6} Curry now brings this appeal, asserting the following assignment of error.

**THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN SENTENCING DEFENDANT TO A TERM EXCESS [SIC] OF THE STATUTORY MINIMUM.**

{¶7} In his sole assignment of error, Curry concedes that the trial court's sentence of seven years falls within the statutory guidelines for a felony of the first degree and is not contrary to law. Nevertheless, Curry challenges the trial court's application of the seriousness and recidivism factors set forth in R.C. 2929.11 and R.C. 2929.12 by maintaining that the trial court abused its discretion when it did not impose a minimum sentence of three years. Specifically, Curry claims that the trial court failed to properly consider the fact that he did not have a felony record prior to this incident and that he was merely acting at the direction of his co-defendant, Jones, the principal perpetrator who brandished the .40 caliber handgun and shot one of the victims during the commission of the offense. Curry also

argues that the trial court's sentence of seven years in prison is not proportionate to Jones' sentence of eleven years.

{¶8} Initially, we note that a trial court's sentence will not be disturbed on appeal absent a defendant's showing by clear and convincing evidence that the sentence is unsupported by the record; the sentencing statutes' procedure was not followed or there was not a sufficient basis for the imposition of a prison term; or that the sentence is contrary to law. *State v. Ramos*, 3d Dist. Defiance No. 4–06–24, 2007–Ohio–767, ¶ 23 (the clear and convincing evidence standard of review set forth under R.C. 2953.08(G)(2) remains viable with respect to those cases appealed under the applicable provisions of R.C. 2953.08(A), (B), and (C) * * *); *State v. Tyson*, 3d Dist. Allen Nos. 1–04–38; 1–04–39, 2005–Ohio–1082, ¶ 19, citing R.C. 2953.08(G).

{¶9} With respect to the particular issue raised by Curry on appeal, a trial court must consider R.C. 2929.11 and 2929.12 when sentencing an offender. *State v. Pence*, 3d Dist. Auglaize No. 2–11–18, 2012–Ohio–1794, ¶ 9. However, the trial court is not required to use specific language regarding its consideration of the seriousness and recidivism factors. *State v. Smith*, 3d Dist. Auglaize No. 2–06–37, 2007–Ohio–3129, ¶ 26, citing *State v. Mathis*, 109 Ohio St.3d 54, 2006–Ohio–855, ¶ 38. Further, there is no requirement in R.C. 2929.12 that the trial

court state on the record that it has considered the statutory criteria. *Smith* at ¶ 26, citing *State v. Polick*, 101 Ohio App.3d 428, 431 (4th Dist.1995).

{¶10} Here, the record reflects that during its Crim.R 11 colloquy the trial court went to great lengths to explain to Curry the nature of complicity under Ohio Law—specifically that an accomplice "shall be prosecuted and punished as if he were a principal offender" and that "[a] charge of complicity may be stated in terms of this section, or in terms of the principal offense." R.C. 2923.03(F). Curry acknowledged on the record that he understood the operation of the law on complicity and how it could apply to his case. The trial court then postponed sentencing until a pre-sentence investigation report could be completed, which detailed Curry's level of involvement in the instant offense.

{¶11} After reviewing the pre-sentence investigation report and listening to Curry's statements at sentencing, the trial court specifically addressed the statutory factors challenged by Curry on appeal. The trial court discussed the likelihood of Curry's recidivism and noted that while Curry did not have a prior felony record, he did have "continual contacts with law enforcement," which resulted in numerous misdemeanors. (Doc. No. 44 at 17). The trial court also remarked that Curry was involved in three domestic violence cases which indicated his "ability to utilize violence in resolving issues." (Id.).

{¶12} With regard to the seriousness of the offense, the trial court noted that the occupants in the apartment were put in fear for their lives by Curry's conduct in assisting Jones with the robbery and that as a result of their actions, one person was shot and seriously injured. The trial court also observed that Curry minimized his conduct in his recitation of the events, which did not comport with the official version of facts contained in the pre-sentence investigation report, and indicated to the trial court that Curry did not appear to take full responsibility for the role as an aider and abettor that he played in the commission of the crime. In particular, the trial court stated that "I have a great deal of difficulty, Mr. Curry, envisioning a circumstance where you were [an] unwitting and involuntary participant in this conduct. That's not what is indicated here. It doesn't indicate that this was a surprise to you. That you were pulled into this unwittingly, unprepared. You had a knife and a ski mask." (Doc. No. 44 at 18-19).

{¶13} Finally, the record reflects that the trial court considered the eleven-year sentence imposed on Jones for his conduct during the incident and determined that imposing a seven-year sentence on Curry is both proportionate and commensurate with Curry's involvement in perpetrating the crime. It is also notable that the trial court did not impose a sentence above the seven-year "cap" recommended by the parties. Thus, we are not persuaded by Curry's arguments suggesting that the trial court abused its discretion in this manner.

{¶14} Based on the foregoing, we cannot find that the trial court erred in imposing its sentence.  Accordingly, Curry's assignment of error is overruled and the judgment is affirmed.

*Judgment Affirmed*

**ROGERS, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**