[Cite as *State v. Brown*, 2015-Ohio-3402.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                CASE NO. 13-15-06

    v.

GARRETT N. BROWN,                     O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Seneca County Common Pleas Court
Trial Court No. 14-CR-0133

Judgment Affirmed in Part, Reversed in Part

Date of Decision:  August 24, 2015

APPEARANCES:

    *Scott B. Johnson* for Appellant

    *Derek W. DeVine* for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Garrett N. Brown ("Brown") brings this appeal from the judgment of the Court of Common Pleas of Seneca County. Brown challenges the imposition of consecutive sentences and the order of restitution imposed by the trial court. For the reasons set forth below, the judgment is affirmed in part and reversed in part.

{¶2} On May 21, 2014, Brown, along with Tyson Ogg ("Ogg") and Dallas Salaz ("Salaz") went to the residence of Janelle Mauricio ("Mauricio") and Caleb Barto ("Barto") with the intention of stealing marijuana and cash from the residence. Ogg stayed in the car while Brown and Salaz went up to the house and forced their way into the home. Salaz then beat Barto with a tire tool. Mauricio recognized Brown, despite the mask he was wearing, and called him by name. Mauricio was pushed onto the couch and Brown shot her in the leg. Brown and Salaz then fled the home. Barto and a friend took Mauricio to the hospital for the gunshot wound, but she later died from her injury.

{¶3} On June 2, 2014, a complaint was filed in Juvenile Court alleging that Brown, who was born in June 1996, so was seventeen years old at the time of the offense, was delinquent for causing the death of another while committing an aggravated robbery or an aggravated burglary. Doc. 1. Brown was found to be indigent and counsel was appointed for him. *Id.* The State filed a motion to

transfer the case to the general division of the Seneca County Court of Common Pleas pursuant to statute. *Id.* A hearing was held on the motion on June 6, 2014, and the juvenile court granted the motion to transfer the case to the general division. *Id.*

{¶4} On June 12, 2014, the Seneca County Grand Jury indicted Brown on three counts: 1) Aggravated Burglary in violation of R.C. 2911.11(A)(1), (B), a felony of the first degree; 2) Aggravated Burglary in violation of R.C. 2911.01(A)(1), (C), a felony of the first degree; and 3) Aggravated Murder in violation of R.C. 2903.01(B), (F), a special felony. Doc. 2. Additionally, gun specifications were filed on each count. *Id.* On June 27, 2014, Brown filed his affidavit of indigence showing that he had no income. Doc. 11. Brown was arraigned on June 26, 2014, and entered pleas of not guilty to all charges in the indictment. Doc. 12. The trial court found that Brown was indigent and appointed counsel for him. *Id.*

{¶5} On February 9, 2015, a change of plea hearing was held. Doc. 100. As part of the plea agreement, Brown entered pleas of guilty to Counts One and Two, and a guilty plea to an amended Count Three of Murder in violation of R.C. 2903.02(B) with a gun specification. Doc. 99. The gun specifications as to Counts One and Two were dismissed. Doc. 100. The trial court accepted the guilty pleas and referred the matter for a pre-sentence investigation. *Id.* As part of the plea agreement, Brown acknowledged that restitution could be imposed, but

no amount was stipulated. Doc. 99. The sentencing hearing was held on February 24, 2015. Doc. 101. The trial court imposed prison terms of nine years for Count One, three years for Count Two, and an indefinite prison term of fifteen years to life plus a mandatory term of three years for the gun specification. *Id*. The sentences were all ordered to be served consecutively for an aggregate prison term of thirty years to life. *Id*. The trial court also ordered that Brown "pay restitution in the amount of $2,400.00 to Freddie Mauricio and $8,599.00 to the Victims of Crime Compensation, joint and severally with co-defendants * * *." *Id*. at 6. Brown filed his notice of appeal from this judgment on March 9, 2015. Doc. 106. On appeal, Brown raises the following assignments of error.

### First Assignment of Error

**The trial court erred and abused its discretion in sentencing [Brown] to consecutive and aggregate prison terms in excess of the statutory minimums for the offenses.**

### Second Assignment of Error

**The trial court erred by assessing restitution and costs without conducting an ability to pay hearing.**

{¶6} In the first assignment of error Brown alleges that the trial court erred by sentencing him to more than the minimum sentences and by ordering the sentences to be served consecutively. Brown argues that the trial court did not correctly apply the sentencing factors and that the aggravated burglary and

aggravated robbery convictions should have merged.[1]  Appt. Brief.  Brown concedes that the sentence imposed was within the statutory range of sentences and was not contrary to law.  A sentence that is within the statutory range will not be reversed absent a showing that the sentence is not supported by the record, that the statutory procedures were not followed, or that the sentence is contrary to law. *State v. Curry*, 3d Dist. Hancock No. 5-14-26, 2015-Ohio-227, ¶ 8.

{¶7} In this case, the trial court was aware that Brown was the one who carried the weapon into the house and was the one who shot Mauricio.  The trial court heard the victim impact statements made by friends and family members of Mauricio.  The trial court also heard the statement made by Brown.  Additionally, the trial court reviewed the pre-sentence investigation report and listened to the arguments of the State and Brown's counsel.  The trial court then made the following statements.

> **Court has considered the principals and purposes of felony sentencing under [R.C. 2929.11], and has balanced the seriousness and recidivism factors under [R.C. 2929.12].**
>
> **\* \* \***
>
> **By his plea of guilty, Mr. Brown has been convicted of two Felonies of the First Degree.  And an unclassified felony in Count Three.  The Court has looked at all sentencing factors, including those factors and presumptions under [R.C. 2929.13(D)].**

---

[1] These arguments were raised at the sentencing hearing so are properly before this court on appeal.

> **After consideration of all sentencing factors under Ohio law, after consideration of the various recommendations presented to this Court, the Court does find that a prison term not only is consistent but required under the principals and purposes of felony sentencing under Section 2929.11. And the shortest prison term will demean the seriousness of the Defendant's conduct and will not adequately protect the public from future crime by this Defendant or others.**
>
> **\* \* \***
>
> **The Court finds based upon all matters before it, including the Pre-Sentence Report, that consecutive sentences are necessary to protect the public from future crime or to punish the Defendant. And that consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and to the danger the Defendant possess [sic] to the public.**
>
> **The Court finds also at least two of the multiple offenses were committed as part of one or more courses of conduct. And the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the Defendant's conduct.**
>
> **The Court further finds the Defendant's history of criminal and juvenile conduct demonstrates that consecutive sentences are necessary to protect the public from future crimes by this Defendant. The Court notes that the juvenile record of the Defendant is one, two, three, four, five, almost six pages long.**

Sentencing Tr. 38-40. These statements were reiterated in the sentencing entry.

Doc. 101. The trial court is not required to use any specific language regarding the sentencing factors. *Curry, supra* at ¶6. The record indicates that evidence was presented to the trial court regarding the sentencing factors and that the trial court considered the relevant ones, including the youth of the defendant. The sentence

was within the range specified by law and was not a maximum sentence that could have been imposed. Thus, the trial court did not err in its consideration of the statutory factors and in imposing the sentences imposed.

{¶8} The next issue raised is whether the trial court erred by imposing consecutive sentences. The imposition of consecutive sentences is governed by R.C. 2929.14(C)(4).

> **If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:**
>
> **(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.**
>
> **(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.**
>
> **(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.**

R.C. 2929.14(C)(4). Here, the trial court specifically found that consecutive sentences were necessary to protect the public from future crime and to punish the

offender, that consecutive sentences were not disproportionate to the seriousness of the conduct or to the danger Brown posed to the public. Tr. 39-40. The trial court also found that the offenses were committed as part of one or more courses of conduct, that the harm was so great as to justify consecutive sentences and that Brown had an extensive criminal and juvenile record making it necessary to protect the public. Tr. 40. These findings were supported by the record. Thus, the trial court did not err in imposing consecutive sentences.

{¶9} Finally, Brown raises the issue as to whether the convictions should merge. Brown claims that both Count One for Aggravated Burglary and Count Two for Aggravated Robbery were both committed with the same goal of committing the theft, so should merge for sentencing purposes. Ohio's allied offense statute provides as follows:

> **(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.**
>
> **(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information my contain counts for all such offenses, and the defendant may be convicted of all of them.**

R.C. 2941.25 "Two or more offenses may result in multiple convictions, however, if: (1) they are offenses of dissimilar import; (2) they are separately committed; or

(3) the defendant possesses a separate animus as to each." *State v. Santamaria*, 2014-Ohio-4787, ¶21, 22 N.E.3d 288 (9th Dist.).

{¶10} Here, Brown was convicted of three counts: aggravated burglary, aggravated robbery, and murder with a gun specification. To convict one of aggravated burglary as charged in this case, the State had to show that Brown trespassed in an occupied structure through the use of force and that the offender inflicted, attempted to inflict or threatened to inflict physical harm on another. R.C. 2911.11(A)(1). To convict one of aggravated robbery as charged in this case, the State had to show that Brown had a deadly weapon while committing or attempting to commit a theft offense and brandished the weapon. Per the third count of the indictment as amended pursuant to the guilty plea, the State had to prove that Brown caused the death of another while committing an offense of violence. The facts stated in the indictment, to which Brown admitted through his guilty plea, indicates that the aggravated burglary resulted from Brown trespassing into the home when Mauricio and Barto were present with the intent to commit a criminal offense and that while doing so, inflicted physical harm on Mauricio and Barto. Doc. 2. Once inside Barto was beaten with the tire iron by Salaz, Brown's codefendant. This supports the conviction for aggravated burglary. While in the house, Brown had the firearm in his possession and threatened Barto and Mauricio with it while committing or attempting to commit the theft offense. This supports the conviction for aggravated robbery. Finally, Brown shot Mauricio with the

gun, which caused her death. The underlying events indicate that each of these offenses occurred at different times and with separate animus. Therefore, the offenses do not merge pursuant to R.C. 2941.25. Having found no error in the sentencing, the first assignment of error is overruled.

{¶11} In the second assignment of error, Brown claims that the trial court erred by ordering restitution without holding a hearing regarding ability to pay. The trial court has the authority to require the offender to pay restitution to the victim or survivor of the victim to compensate for economic loss. R.C. 2929.18(A)(1). "A court that imposes a financial sanction upon an offender may hold a hearing if necessary to determine whether the offender is able to pay the sanction or is likely in the future to be able to pay it." R.C. 2929.18(E). As long as the record contains information concerning the defendant's ability to pay the restitution and supports the trial court's determination, a hearing is not required. *State v. Robinson*, 3d Dist. Hancock No. 5-04-12, 2004-Ohio-5346, ¶17. However, R.C. 2929.19(B)(5) requires the trial court to consider the offender's present and future ability to pay a financial sanction, including restitution before imposing it. "'[W]hen a trial court has imposed a financial sanction without even a cursory inquiry into the offender's present and future means to pay the amount imposed, the failure to make the requisite inquiry is an abuse of discretion.'" *State v. Parker*, 183 Ohio App.3d 431, 2009-Ohio-3667, ¶13, 917 N.E.2d 338 (3d Dist.)

(quoting *State v. Haney*, 180 Ohio App.3d 554, 2009-Ohio-149, ¶22, 906 N.E.2d 472 (4th Dist.)).

{¶12} In this case, the trial court did not discuss Brown's present or future ability to pay restitution prior to imposing it. The evidence before the trial court was that Brown was indigent and had no income. At the time of the offense, he was seventeen years of age and reached his 18th birthday in jail. Brown received an aggregate prison term of thirty years to life for these offenses. According to the PSI, Brown had no employment history, no income, no assets, and owed $1,500.00 to the juvenile courts. Additionally, the PSI indicated that the highest level of education achieved by Brown was to complete the 11th grade. There is nothing in the record to indicate upon what the trial court made the determination that Brown had the ability or would have the ability in the future to pay the restitution ordered prior to imposing it. The trial court did not address the issue in any way prior to ordering restitution. Although the language of the guilty plea warned Brown that restitution may be ordered as part of his sentence, he did not agree to pay restitution or to the amount of any restitution. Without some evidence in the record to support the trial court's apparent conclusion that Brown had or would have the ability to pay restitution, this court must reverse the

judgment as to restitution for failure to comply with R.C. 2929.19(B)(5). The second assignment of error is sustained.[2]

**{¶13}** Having found error prejudicial to the appellant, the judgment of the Court of Common Pleas of Seneca County is affirmed as to the sentence, but is reversed as to the order of restitution. The matter is remanded for further proceedings in accord with this opinion.

*Judgment Affirmed in Part,*
*Reversed in Part*

**ROGERS, P.J., concurs in Judgment Only**
**PRESTON, J., concurs.**
**/hlo**

---

[2] While this court is only addressing the errors assigned, this court does note that the record contains no indication as to how the amounts of restitution were determined. No testimony was presented at the sentencing hearing and the PSI contained no information regarding the amount of restitution. Additionally, the guilty plea merely stated that restitution may be imposed, but no amounts were included.