[Cite as *State v. Willis*, 2012-Ohio-294.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                          :

    Plaintiff-Appellee                      :         C.A. CASE NO.   24477

v.                                                    :         T.C. NO.   10CR2101/1

DEMETRI D. WILLIS                                     :      (Criminal appeal from
                                                               Common Pleas Court)

    Defendant-Appellant                     :

                                                      :

. . . . . . . . . .

**O P I N I O N**

Rendered on the    27th    day of    January   , 2012.

. . . . . . . . . .

MICHELE D. PHIPPS, Atty. Reg. No. 0069829, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

JEREMIAH J. DENSLOW, Atty. Reg. No. 0074784, First National Plaza, 130 W. Second Street, Suite 1600, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

{¶ 1}   Demetri D. Willis pled guilty in the Montgomery County Court of Common Pleas to felonious assault.  The trial court sentenced him to two years in prison and ordered him to pay restitution of $20,352.08 to the victim.

**{¶ 2}** Willis's sole assignment of error challenges the court's restitution order. It reads:

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ORDERED APPELLANT TO PAY $20,352.08 IN RESTITUTION WITHOUT CONSIDERING APPELLANT'S PRESENT AND FUTURE ABILITY TO PAY.

**{¶ 3}** Under R.C. 2929.18(A)(1), a trial court may order a defendant to pay restitution as a financial sanction. An order of restitution must be made in open court, and the trial court must determine the amount of restitution at sentencing. *Id.* The court may "base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense." *Id.* The court must hold a hearing on restitution only if the offender, victim, or survivor disputes the amount. *Id.*

**{¶ 4}** When imposing financial sanctions, a trial court must consider an offender's present and future ability to pay. R.C. 2919.19(B)(6). R.C. 2919.19(B)(6) "does not require a hearing and is devoid of any particular factors for the court to take into consideration in making its determination." *State v. Twitty*, 2d Dist. Montgomery No. 24296, 2011-Ohio-4725, ¶ 23. The trial court may comply with its obligation by considering a presentence investigation report ("PSI"), which includes information about the defendant's

age, health, education, and work history. *State v. Ratliff*, 194 Ohio App.3d 202, 2011-Ohio-2313, 955 N.E.2d 425, ¶ 12 (2d Dist.).

{¶ 5} Although preferable, the trial court need not make express findings on the record about a defendant's ability to pay a financial sanction. *State v. Miller*, 2d Dist. Clark No. 08-CA-90, 2010-Ohio-4760, ¶ 38, citing *State v. Ayers*, 2d Dist. Greene No. 04-CA-34, 2005-Ohio-44. All that is required is that the trial court consider the defendant's ability to pay. *Miller* at ¶ 38.

{¶ 6} At sentencing, the court heard from the victim, Willis, and defense counsel. The court then discussed the contents of the PSI, which included a victim impact statement. The court noted, in part:

> And we've heard from Mr. Sullivan here in court and he also made a victim impact statement in which it's reported, here I'm reading from Page 6 of the report that his economic loss includes of $20,000.00 from medical bills and $247.00 regarding tow and storage for his vehicle. And he reiterated that he had suffered nine different stab/puncture wounds, five on his side and four in his arm.

{¶ 7} After ordering Willis to serve two years in prison and to pay restitution of $20,352.08, defense counsel raised questions about the order of restitution.

> [DEFENSE COUNSEL:] Your Honor, if I could address restitution for a moment. Was there not some indication in the report that insurance covered that?
>
> THE COURT: Let me read verbatim. This is from Page 6, for

economic loss:  $20,352.08.  This amount includes $20,105.08 for Miami Valley Hospital which has been verified and $247.00 tow and storage of Mr. Sullivan's car.  Reports that his VA Medical Center bill was about $15,000.00 but he was told that will be covered because he's a veteran.

Now, let me ask the prosecutor and you might quickly confirm with Mr. Sullivan whether that bill for Miami Valley is or is not covered by insurance.  Why don't you just briefly consult with Mr. Sullivan.

[PROSECUTOR:] Mr. Sullivan indicates, no.  I have not officially received any bill.

[DEFENSE COUNSEL:] Your Honor, I would ask the Court [to] waive that in light of Mr. Willis['s] indigency and incarceration of his present and future ability to pay.

THE COURT: Denied.  Court really can't – it's speculative as to the future ability or inability in the way of projecting that so that request is overruled.  All right.  Take Mr. Willis back in custody.

{¶ 8}  The state argues that the trial court reviewed the PSI, which contained evidence to support the conclusion that Willis would be able to pay the ordered restitution. The PSI  indicated that Willis was 31 years old.  He had ten years of schooling and dropped out after tenth grade to take care of his ailing mother.  Although Willis was unemployed prior to his arrest, he performed occasional maintenance work for his landlord, earning $200 per week "under the table."  He had worked for Cena Restaurant for one year in 2008, and worked for Firestone Tire Plant from 2000 to 2006.  He previously worked for two years at

Wal-Mart. Willis was physically and mentally healthy. Willis consumed three or four marijuana blunts per day until his arrest. Willis also drank alcohol, usually on Friday nights and holidays.

{¶ 9} The record reflects that the trial court considered the PSI in rendering its sentence. Although the court orally focused on Willis's criminal history and the victim's economic loss at the sentencing hearing, there is no indication that the trial court failed to review the entire PSI. In addition, the court imposed a two-year sentence, the minimum term of incarceration for a second degree felony. The trial court had adequate information from which to evaluate Willis's present and future ability to pay. The court did not make any express findings on this issue.

{¶ 10} Nevertheless, when defense counsel asked the trial court to waive restitution based on Willis's present and future ability to pay and in light of Willis's indigency and incarceration, the trial court responded that Willis's future ability to pay was "speculative." We appreciate the court's frustration with the conjecture possibly involved in considering future ability to pay. However, this is a legislative mandate and, based on the court's response, it appears that the trial court did not "consider" and determine, given the facts before it, whether Willis would likely be able to pay $20,352.08 in restitution upon his release from prison. We cannot presume that the trial court met its obligation under R.C. 2919.19(B)(6).

{¶ 11} Willis's assignment of error is sustained.

{¶ 12} The portion of the trial court's judgment ordering restitution will be reversed, and the matter will be remanded to the trial court for a determination of Willis's present and

future ability to pay restitution and for resentencing on that issue. All other aspects of the trial court's judgment remain unaffected.

. . . . . . . . . .

FAIN, J. and HALL, J., concur.

Copies mailed to:

Michele D. Phipps
Jeremiah J. Denslow
Hon. Dennis J. Langer