[Cite as *State v. Semenchuk*, 2015-Ohio-5408.]
[Please see vacated opinion at 2015-Ohio-4767.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 102636

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## GEORGE SEMENCHUK

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED IN PART, VACATED IN PART,
AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-588154-A

**BEFORE:** S. Gallagher, J., Jones, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** December 24, 2015

**ATTORNEY FOR APPELLANT**

Paul A. Mancino
Mancino, Mancino & Mancino
75 Public Square Building
Suite 1016
Cleveland, Ohio    44113-2098


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: John F. Hirschauer
Assistant Prosecuting Attorney
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio    44113

ON RECONSIDERATION[1]

SEAN C. GALLAGHER, J.:

{¶1}   George Semenchuk appeals his conviction for driving under the influence of alcohol, a third-degree felony, based on a prior felony operating a vehicle while intoxicated ("OVI") conviction, criminal trespass, petty theft, and attempted assault of a peace officer.   The trial court sentenced Semenchuk to an aggregate prison term of five years, along with community control sanctions and the mandatory $1,350 fine.   For the following reasons, we affirm Semenchuk's conviction, vacate his sentencing on the driving under the influence count, and remand for the limited purpose of resentencing on that count.

{¶2} Semenchuk was arrested for driving under the influence of alcohol after trying to steal gasoline from the victim's garage.   Semenchuk was seen driving erratically, and then parking on the curb in front of the victim's home.   When police officers arrived, Semenchuk appeared intoxicated.   He smelled of alcohol, was stumbling, and had bloodshot eyes.   The victim saw Semenchuk drive on the wrong side of the road, hit a curb, and get out of the vehicle.

{¶3} After pleading guilty to a violation of R.C. 4511.19(A)(1)(a), a third-degree felony pursuant to R.C. 4511.19(G)(1)(e), attempted assault of a police officer in

---

[1] The original announcement of decision, *State v. Semenchuk*, 2015-Ohio-4767, released November 19, 2015, is hereby vacated.   This opinion, issued upon reconsideration, is the court's journalized decision in this appeal.   *See* App.R. 22(C); *see also* S.Ct. Prac.R. 7.01.

violation of R.C. 2923.02, and the remaining misdemeanor charges not relevant to the current appeal, the trial court sentenced Semenchuk to a five-year term of imprisonment, community control sanctions to be served following the sentence on the felony OVI offense, and a fine totaling $1,350. Semenchuk appealed, arguing in several assignments of error: (1) that the maximum sentence for a felony three OVI without the R.C. 2941.1413 specification is three years; (2) that his guilty plea was not knowingly, voluntarily, or intelligently entered; (3) that the trial court failed to consider a presentence investigation ("PSI") report prior to imposing community control sanctions; (4) that the trial court failed to consider the statutory felony sentencing factors; and (5) that the trial court failed to consider his ability to pay the fine pursuant to R.C. 2929.18. We agree that the maximum sentence for a third-degree felony OVI offense without the specification is three years, but disagree with the remainder of Semenchuk's arguments.

{¶4} Both parties fixated on the conflict amongst the districts regarding the maximum term of prison authorized by R.C. 4511.19(G)(1)(e) and 2929.13(G)(2) for offenders also convicted of the R.C. 2941.1413 specification. *See, e.g., State v. Jarrells*, 8th Dist. Cuyahoga No. 101707, 2015-Ohio-879, ¶ 13. That conflict focused on R.C. 4511.19(G)(1)(e), which authorizes a mandatory one-, two-, three-, four-, or five-year sentence of imprisonment if the offender is also found guilty of the specification described in R.C. 2941.1413, and R.C. 2929.14(A)(3), which authorizes a three-year maximum sentence except for certain enumerated crimes not including the felony OVI offenses. The Ohio Supreme Court recently settled the issue and held that an offender

convicted of a third-degree felony OVI and the repeat-offender specification is subject to (1) a one- to five-year mandatory, consecutive prison sentence under the specification, and (2) an additional discretionary term of 9 to 36 months for the underlying OVI conviction pursuant to R.C. 2929.14(A)(3). *State v. South*, Slip Opinion No. 2015-Ohio-3930. We need not dwell on this issue. Semenchuk was not found guilty of the R.C. 2941.1413 specification, and therefore, the maximum sentence for his offense was three years irrespective of the *South* decision.

{¶5} As discussed by Semenchuk, the maximum sentence for a violation of R.C. 4511.19(G)(1)(e), a third-degree felony, is three years. The trial court sentenced Semenchuk to five years based on the state's argument that R.C. 4511.19(G)(1)(e) and, therefore, R.C. 2929.13(G)(2), applied. We agree with the state regarding the applicability of the statutory sections. The application of these sections to the current case is altogether a different matter.

{¶6} R.C. 4511.19(G)(1)(e) provides that

[i]f the offender is being sentenced for a violation of division (A)(1)(a) * * * of this section, [the court shall impose] a mandatory prison term of one, two, three, four, or five years as required by and in accordance with division (G)(2) of section 2929.13 of the Revised Code if the offender also is convicted of or also pleads guilty to a specification of the type described in section 2941.1413 of the Revised Code *or a mandatory prison term of sixty consecutive days in accordance with division (G)(2) of section 2929.13 of*

*the Revised Code if the offender is not convicted of and does not plead guilty to a specification of that type.* The court may impose a prison term in addition to the mandatory prison term. The cumulative total of a sixty-day mandatory prison term and the additional prison term for the offense shall not exceed five years.

(Emphasis added.) Thus, the trial court may only impose a term of one, two, three, four, or five years if the offender is also convicted of the R.C. 2941.1413 specification. If the offender was not also convicted of that specification, the trial court must sentence the offender to a mandatory 60-day prison term in accordance with subsection (G)(2) of R.C. 2929.13.

**{¶7}** That subsection, in turn, provides that

If the offender is being sentenced for a third degree felony OVI offense, * * * the court shall impose upon the offender a mandatory prison term of one, two, three, four, or five years if the offender also is convicted of or also pleads guilty to a specification of the type described in section 2941.1413 of the Revised Code or *shall impose upon the offender a mandatory prison term of sixty days or one hundred twenty days as specified in division (G)(1)(d) or (e) of section 4511.19 of the Revised Code if the offender has not been convicted of and has not pleaded guilty to a specification of that type.*

(Emphasis added.) R.C. 2929.13(G)(2). Again, the trial court must impose up to the five-year sentence only if the offender is convicted of the R.C. 2941.1413 specification. If not so convicted, the offender is subject to a three-year maximum sentence pursuant to a third-degree felony sentencing, 60 or 120 days of which include the maximum mandatory portion of the sentence pursuant to the OVI specific statutes provided by R.C.

4511.19(G)(1)(d) or (e).   In light of the fact that Semenchuk was found guilty under R.C. 4511.19(G)(1)(e), the court should have imposed a mandatory 60-day term of prison on the OVI offense and up to a maximum term of three years on the basic term for a third-degree felony, not the five-year sentence imposed.

{¶8}   In addition to the OVI specific statutes, if the trial court imposes an additional basic term for a third-degree felony pursuant to R.C. 2929.14(B)(4), the additional 60- or 120-day prison terms imposed under the felony OVI specific statutes reduce the total prison term imposed under R.C. 2929.14(A)(3)(b) so as to limit the maximum aggregate term.   The dissenting justices in *South* believed that R.C. 2929.14(B)(4) authorized the trial court to impose any sentence authorized under R.C. 2929.14(A)(3), including the potential five-year term authorized under subsection (A)(3)(a) even though that subsection only referenced certain statutory sections to the exclusion of R.C. 4511.19.   *South*, Slip Opinion No. 2015-Ohio-3930, at ¶ 40-58.   The majority rejected this interpretation.   *Id.* at ¶ 20.   As a result, we conclude that for a third-degree felony offense under R.C. 4511.19(G)(1)(e) without the accompanying specification, the maximum aggregate term is limited to the term authorized by subsection (A)(3)(b) — three years, 60 days of which are mandatory.   R.C. 2929.14(B)(4); *State v. Kincade*, 3d Dist. Wyandot No. 16-09-20, 2010-Ohio-1497, ¶ 15; *see also South*.

{¶9}   *Kincade* involved a similar set of circumstances as the current case. Although *Kincade* was decided under the sentencing range then in effect, the rationale still applies.   The defendant was charged with a third-degree felony OVI offense, found

guilty, and sentenced to a mandatory 60-day term of prison and an additional basic term of four years under the then applicable sentencing ranges. The defendant appealed, arguing the maximum sentence for his offense was four years based on the version of R.C. 2929.14(B)(4) then in effect, claiming the maximum term had to be reduced by the 60-day mandatory prison term. The Third District agreed and held that the mandatory 60-day prison term reduced the additional basic term to an aggregate term of four years based on a plain reading of the statutory section.

{¶10} The maximum prison sentence the trial court could impose in this case is the mandatory 60-day prison term set forth in R.C. 4511.19(G)(1)(e) and 2929.13(G)(2), along with any additional term for a basic felony-three sentence pursuant to R.C. 2929.14(A)(3) up to a maximum aggregate sentence of three years. The trial court's five-year prison sentence is contrary to law. We vacate Semenchuk's sentence on the driving under the influence count and remand for the purposes of resentencing. In light of the reversal, Semenchuk's argument that the trial court failed to consider the felony sentencing factors, in reaching the aggregate five-year sentence of imprisonment, is moot.

{¶11} Semenchuk next argues that his guilty plea was not knowingly, voluntarily, or intelligently entered because the trial court failed to explain the effect of the guilty plea.

{¶12} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily." *State v. Engle*, 74 Ohio St.3d 525, 527, 1996-Ohio-179, 660 N.E.2d 450. The standard of review for determining whether a plea

was knowing, intelligent, and voluntary within the meaning of Crim.R. 11 for nonconstitutional issues is substantial compliance, and strict compliance for constitutional issues. *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990), citing *State v. Stewart*, 51 Ohio St.2d 86, 92-93, 364 N.E.2d 1163 (1977). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Nero*. In addition, when challenging his guilty plea based on the trial court's lack of substantial compliance, a defendant must also show a prejudicial effect — that the plea would not have been otherwise entered but for the error. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 32, citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 15.

{¶13} In this case, the trial court informed Semenchuk of the nature of the charges, the consequences he faced, and the constitutional rights he waived by pleading guilty. Under a totality of the circumstances, the trial court at least partially complied with the Crim.R. 11 nonconstitutional advisements.

{¶14} Semenchuk has not demonstrated, nor even argued, that he would not have entered the guilty plea but for the perceived lack of advisements. As panels from this court continuously warn, "'even if the [trial] court failed to substantially comply with explaining the effects of his plea,' the defendant still has to prove that he was prejudiced by the court's failure." *State v. Mannarino*, 8th Dist. Cuyahoga No. 98727, 2013-Ohio-1795, ¶ 17, citing *State v. Simonoski*, 8th Dist. Cuyahoga No. 98496,

2013-Ohio-1031. In both *Mannarino* and *Simonoski*, the defendants argued that no showing of prejudice was required because the trial court failed to comply. *Mannarino* at ¶ 15; *Simonoski* at ¶ 11. In both cases, panels from this court determined that there was partial compliance, and therefore, the defendants were required to demonstrate prejudice. *Mannarino* at ¶ 16; *Simonoski*. As a result of the defendants not offering any argument demonstrating that they would not have entered the plea but for the inadequate explanation, the panels were forced to affirm the convictions. *Mannarino* at ¶ 18; *Simonoski* at ¶ 12. We must overrule any assigned errors seeking to vacate the guilty plea. Semenchuk has not demonstrated, let alone argued, prejudice even if we found the trial court failed to adequately advise Semenchuk of his rights.

{¶15} We must also summarily overrule Semenchuk's remaining assigned errors.

{¶16} Semenchuk argues that the trial court failed to order a new PSI report pursuant to R.C. 2951.03(A)(1) before imposing the community control sanctions. The trial court did not err. R.C. 2951.03(A)(1) provides, "[n]o person who has been convicted of or pleaded guilty to a felony shall be placed under a community control sanction until *a written presentence investigation report has been considered by the court*." (Emphasis added.) The statute does not specify that a new report must be generated each and every time an offender recidivates. In this case, the trial court considered a PSI report from Semenchuk's 2007 OVI conviction — for which he served a five-year prison term — without objection and as required by a plain reading of R.C. 2951.03(A)(1).

**{¶17}** Finally, Semenchuk argues that the trial court improperly imposed the $1,350 fine without considering his ability to pay pursuant to R.C. 2929.18(A)(2). The fine was imposed pursuant to R.C. 4511.19(G)(1)(e), which mandates the imposition of a fine "[i]n all cases, notwithstanding section 2929.18 of the Revised Code * * *." R.C. 2929.18 does not apply in this case.[2]

**{¶18}** Semenchuk's conviction is affirmed. His sentence on the driving under the influence count is vacated, and the matter remanded for resentencing on that count only.

It is ordered that appellee and appellant share the costs herein taxed. The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
ANITA LASTER MAYS, J., CONCUR

---

[2]Although Semenchuk argues upon reconsideration that requiring an indigent offender to pay a fine violates constitutional protections, such argument was not raised in the appellant's merit briefing and is therefore disregarded. New theories cannot be considered for the first time upon reconsideration.