[Cite as *State v. Hull*, 2017-Ohio-7934.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

STATE OF OHIO                               :
                                            :
    *Plaintiff-Appellee*                 :    Appellate Case No. 2016-CA-5
                                            :
v.                                          :    Trial Court Case No. 2015-CR-686
                                            :
DARIOUS DE'JOHN HULL                        :    (Criminal Appeal from
                                            :    Common Pleas Court)
    *Defendant-Appellant*                :
                                            :

. . . . . . . . . . .

O P I N I O N

Rendered on the 29th day of September, 2017.

. . . . . . . . . .

ANDREW PICKERING, Atty. Reg. No. 0068770, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Fourth Floor, Springfield, Ohio 45501
    Attorney for Plaintiff-Appellee

VICTORIA BADER, Atty. Reg. No. 0093505, Assistant State Public Defender, 250 East Broad Street, Suite 1400, Columbus, Ohio 43215
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Darious De'John Hull, appeals from the judgment of the Clark County Court of Common Pleas ordering him to pay restitution in the amount of $3,573.08 after he pled guilty to aggravated burglary with a three-year firearm specification. In support of his appeal, Hull contends that the trial court failed to consider his present and future ability to pay restitution as required by R.C. 2929.19(B)(5). Hull also claims that his trial counsel rendered ineffective assistance in failing to object to the trial court's alleged error. For the reasons outlined below, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2} On October 5, 2015, Hull was charged by complaint in the Clark County Juvenile Court for acts that, if committed by an adult, would be attempted murder, aggravated burglary, improper discharge of a firearm at or into a habitation, and criminal damaging. On December 22, 2015, Hull waived probable cause and amenability hearings and agreed to be bound over to the Clark County Court of Common Pleas on the aggravated burglary charge.

{¶ 3} On January 13, 2016, Hull pled guilty to a bill of information charging him with one count of aggravated burglary in violation of R.C. 2911.11(A)(2) with a three-year firearm specification. Following the acceptance of Hull's guilty plea, the trial court ordered a presentence investigation ("PSI") and scheduled the matter for sentencing on February 2, 2016.

{¶ 4} At sentencing, the trial court indicated that it had reviewed Hull's PSI.

Thereafter, both counsel and Hull made statements to the trial court regarding sentencing. After hearing the parties' statements and considering the appropriate factors, the trial court sentenced Hull to an aggregate prison term of 11 years. The trial court also ordered Hull to pay restitution in the amount of $3,573.08[1] to Interfaith Hospitality for repairs it made to the burglarized residence as a result of the offense. In imposing restitution, the trial court did not specifically discuss whether it had considered Hull's present and future ability to pay the financial sanction.

{¶ 5} Hull now appeals from the trial court's order of restitution, raising two assignments of error for review.

## First Assignment of Error

{¶ 6} Hull's First Assignment of Error is as follows:

THE TRIAL COURT ERRED WHEN IT IMPOSED A FINANCIAL SANCTION WITHOUT CONSIDERING DARIOUS HULL'S PRESENT AND FUTURE ABILITY TO PAY THE SANCTION, IN VIOLATION OF R.C. 2929.19(B)(5).

{¶ 7} Under his First Assignment of Error, Hull contends that the trial court's order of restitution should be reversed on grounds that the court allegedly failed to consider his present and future ability to pay the restitution order in violation of R.C. 2929.19(B)(5).

---

[1] The transcript of the sentencing hearing provides that the order of restitution is for $3,573.80. The judgment entry of conviction and the PSI provide that the order of restitution is for $3,573.08. Given that a court speaks through its journal entries, *State v. Lowe*, 2d Dist. Clark No. 2016-CA-18, 2017-Ohio-27, ¶ 7, and given the agreement between the judgment entry and the PSI, we presume that the lesser amount, $3,573.08, is the amount of restitution that was ordered by the trial court.

Hull concedes that the appellate review of this matter is limited to noticing plain error given that he did not raise an objection to the trial court's alleged failure.

**{¶ 8}** For plain error to exist, the defect in the trial proceedings must be obvious and must have affected the outcome of trial. *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 16. "Notice of plain error 'is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.' " *State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, 954 N.E.2d 596, ¶ 108, quoting *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

**{¶ 9}** R.C. 2929.19(B)(5) imposes a duty upon the trial court to "consider the offender's present and future ability to pay" before imposing restitution as a financial sanction under R.C. 2929.18. However, "[t]he trial court does not need to hold a hearing on the issue of financial sanctions, and there are no express factors that the court must take into consideration or make on the record." (Citation omitted.) *State v. Culver*, 160 Ohio App.3d 172, 2005-Ohio-1359, 826 N.E.2d 367, ¶ 57 (2d Dist.) " 'A trial court need not even state that it considered an offender's ability to pay.' " *State v. Garrett*, 2d Dist. Montgomery No. 25426, 2013-Ohio-3035, ¶ 7, quoting *State v. Russell*, 2d Dist. Montgomery No. 23454, 2010-Ohio-4765, ¶ 62, citing *State v. Parker*, 2d Dist. Champaign No. 03CA0017, 2004-Ohio-1313, ¶ 42.

**{¶ 10}** "The record should, however, contain 'evidence that the trial court considered the offender's present and future ability to pay before imposing the sanction of restitution.' " *Culver* at ¶ 57, quoting *State v. Robinson*, 3d Dist. Hancock No. 5-04-12, 2004-Ohio-5346, ¶ 17. "Where the trial court fails to make an explicit finding on a

defendant's relative ability to pay, this court has observed that a trial court's consideration of this issue may be 'inferred from the record under appropriate circumstances.' " *State v. Conley*, 2015-Ohio-2553, 43 N.E.3d 775, ¶ 49 (2d Dist.), quoting *Parker* at ¶ 42.   For example, "[t]he trial court may comply with its obligation by considering a presentence investigation report ('PSI'), which includes information about the defendant's age, health, education, and work history."   (Citation omitted.)   *State v. Willis*, 2d Dist. Montgomery No. 24477, 2012-Ohio-294, ¶ 4.

**{¶ 11}** Hull claims that the present case is analogous to *State v. Frock*, 2d Dist. Clark No. 2004 CA 76, 2007-Ohio-1026, wherein we held the trial court erred in ordering Frock to pay $17,029 in restitution without considering his present and future ability to pay.   *Id.* at ¶ 9-10.   Like the present case, the trial court in *Frock* made no direct inquiry into Frock's present or future ability to pay restitution during the sentencing hearing, but advised that it had considered Frock's PSI.   *Id.* at ¶ 8.   The PSI indicated that Frock was 21 years old with an 11th grade education.   The PSI also indicated that Frock suffered from mental illnesses including bipolarism and paranoid schizophrenia.   *Id.*   In addition, the PSI noted that Frock was a substance abuser with an extensive criminal history that resulted in several juvenile and adult confinements.   *Id.*   Although the PSI indicated that Frock was sporadically employed as a laborer for his grandfather's painting business, we concluded that given his lengthy prison sentence of 19.5 years, along with the discouraging information about Frock in the PSI, that the record "failed to demonstrate that the court considered Frock's present or future ability to pay restitution." *Id.* at ¶ 8-9.

**{¶ 12}** Hull also likens the present case to *State v. Brown*, 3d Dist. Seneca No. 13-15-06, 2015-Ohio-3402, wherein the Third District Court of Appeals found no evidence in

the record to support the trial court's conclusion that Brown had or would have the ability to pay restitution. *Id.* at 12. As in *Frock*, the trial court did not address Brown's present and future ability to pay restitution at the sentencing hearing. *Id.* In addition, the PSI considered by the trial court indicated that Brown was 17 years old with an 11th grade education. *Id.* The PSI also indicated that Brown owed the juvenile court $1,500 and that he had no income or employment history. *Id.* Furthermore, Brown received a lengthy prison sentence of 30 years to life for his offenses. *Id.*

**{¶ 13}** There are obvious similarities between the instant case and *Frock* and *Brown*. Specifically, the trial court in this case did not mention Hull's present and future ability to pay restitution at the sentencing hearing, but did consider Hull's PSI report, which indicates that Hull was 16 years old and in the 11th grade at the time he committed the aggravated burglary in question. The PSI further indicates that Hull has no source of income and no employment history. In addition, Hull is an admitted substance abuser, as he advised the PSI investigator that he smoked marijuana every day.

**{¶ 14}** The present case, however, contains just as many differences as similarities to *Frock* and *Brown*. For instance, the PSI indicates that Hull is in good physical health, has no mental issues that he is aware of, and no financial obligations. Hull also participated in an arts program called Project Jericho, and he has no adult criminal record except for the instant offense. In addition, Hull's prison sentence is 11 years, which is significantly shorter than the prison terms imposed in *Frock* and *Brown*. Given Hull's young age, he will be out of prison well before his 30th birthday, which provides him plenty of time to find employment, something he appears motivated to acquire, as he made the following statement to the trial court at the sentencing hearing:

Your Honor, I have grown-up from this experience and I thank God that I am still alive, and I now realize that life is too short to be wasting time trying to be somebody that I'm not. When I go to prison, sir, I'm going to take care of business. I'm going to get my GED. I'm going to get my college degree so when I come home, I'm going to use my talent God gave me and, sir, I'm going to come home a wiser and smarter young man. I'm not going to be like others and let this felony ruin my life. I honestly made a mistake and I'm gonna better myself, sir. I'm not gonna accept any kind of people that come my way. I am truly sorry for what happened to the police officers that night, sir. Thank you for your time.

Sentencing Trans. (Feb. 2, 2016), p. 7-8.

{¶ 15} When considering Hull's statement to the trial court, his youth, good health, lack of any financial obligations, and his minimal adult criminal record, we find there was sufficient information in the record for the trial court to find that Hull has the present and future ability to pay restitution in the amount of $3,573.08. Accordingly, the trial court did not commit any error, let alone plain error, in ordering him to pay the restitution as ordered.

{¶ 16} Hull's First Assignment of Error is overruled.

**Second Assignment of Error**

{¶ 17} Hull's Second Assignment of Error is as follows:

DARIOUS HULL WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION; ARTICLE I, SECTION 10,

OHIO CONSTITUTION.

{¶ 18} Under his Second Assignment of Error, Hull contends that his trial counsel rendered ineffective assistance by failing to object to the trial court's alleged failure to consider his present and future ability to pay restitution.

{¶ 19} In order to succeed on an ineffective assistance claim, Hull must show that his trial counsel rendered deficient performance and that counsel's deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), paragraph two of the syllabus; *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph two of the syllabus. To establish deficient performance, Hull must show that his trial counsel's performance fell below an objective standard of reasonable representation. *Strickland* at 688; *Bradley* at 142. To establish prejudice, Hull must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864, ¶ 204, citing *Strickland* at 687-688, 694; *Bradley* at paragraph two of the syllabus. The failure to make a showing of either deficient performance or prejudice defeats a claim of ineffective assistance of counsel. *Strickland* at 697.

{¶ 20} Hull's ineffective assistance claim lacks merit because we have already determined that there was sufficient evidence in the record to infer that the trial court considered Hull's present and future ability to pay restitution. Accordingly, Hull's trial counsel did not render deficient performance in failing to object, as the trial court committed no error to warrant such an objection. Furthermore, because there was no error, Hull did not suffer any prejudice.

**{¶ 21}** Hull's Second Assignment of Error is overruled.

## Conclusion

**{¶ 22}** Having overruled both assignments of error, the judgment of the trial court ordering Hull to pay restitution in the amount of $3,573.08 is affirmed.

. . . . . . . . . . . .

HALL, P.J., concurs.

DONOVAN, J., dissenting:

**{¶ 23}** I disagree. In *State v. Hill*, 2d Dist. Clark No. 04 CA 47, 2005-Ohio-3877, we stated: "Before imposing a monetary restitution requirement as part of a criminal sentence, the court must 'consider the offender's present or future ability to pay.' ... Further, the record must affirmatively reflect the court's consideration of those questions in the offender's case." *Id.* at ¶ 11.

**{¶ 24}** In the instant case, the PSI, which the trial court said it reviewed, did not address Hull's present or future ability to pay restitution. The PSI, however, did establish the following: 1) that Hull was sixteen years old at the time of the offense and was in the eleventh grade at Springfield High School; 2) that he had a prior juvenile record; 3) that he had no source of income and no employment history; and 4) that he used marijuana on a daily basis.

**{¶ 25}** At the sentencing hearing, it is undisputed that the trial court failed to make any inquiry into Hull's future ability to pay. The issue was simply never raised at that

time. Indeed, the trial court sentenced Hull to an aggregate term of eleven years in prison, a significant term of incarceration. The trial court ordered Hull to pay restitution in the amount of $3,573.08, the amount reported in the PSI.

{¶ 26} The majority finds that based upon Hull's youth, good health, lack of financial obligations, and minimal adult criminal record, they can "infer" from the record that he has the present and future ability to pay restitution in the amount ordered by the trial court. Upon review, I would find that there is no indication that the trial court considered Hull's present and future ability to pay restitution pursuant to R.C. 2929.19(B)(5), and I would not infer or presume such consideration by the trial court on this record. *See State v. Parker,* 183 Ohio App.3d 431, 2009-Ohio-3667, 917 N.E.2d 338, ¶ 16 (3d Dist.). In fact, if any inference is to be made here, I believe the record establishes that Hull's lack of employment history and the length of his sentence demonstrate that he does not have present and future ability to pay the restitution order imposed by the trial court. Hull's desire to obtain his GED is laudatory, but with a felony record, it does not guarantee future employment.

{¶ 27} Nevertheless, without some evidence in the record to support the trial court's order that Hull had or would have the ability to pay restitution, I would reverse the judgment as to restitution for failure to comply with R.C. 2929.19(B)(5). *See State v. Brown*, 3d Dist. Seneca No. 13-15-06, 2015-Ohio-3402, ¶ 12.

. . . . . . . . . .

Copies mailed to:

Andrew Pickering
Victoria Bader
Hon. Richard J. O'Neill