WELBAUM, J., dissenting:
{¶ 35} I respectfully dissent from the majority's holding that, prior to imposing court-appointed counsel fees, the trial court must make an explicit finding as to whether a defendant has the ability to pay the fees and must specify the amount of fees the defendant can or reasonably may be expected to pay.
{¶ 36} R.C. 2941.51(D) permits the trial court to order a defendant to pay court-appointed counsel fees if "the person represented has, or reasonably may be expected to have, the means to meet some part of the cost of the services rendered to the person[.]" Under this provision, the trial court must make an ability-to-pay determination; however, there is nothing in the language of the statute requiring the trial court to make an explicit finding regarding that determination. Moreover, the statute does not require a trial court to make an explicit finding as to how much the defendant can reasonably be expected to pay. By requiring the trial court to make such findings, the majority is improperly adding requirements to R.C. 2941.51(D) that do not exist within the statute. See Cleveland Elec. Illuminating Co. v. Cleveland , 37 Ohio St.3d 50, 524 N.E.2d 441 (1988), paragraph three of the syllabus ("In matters of [statutory] construction, it is the duty of this court to give effect to the words used, not to delete words used or to insert words not used."); State ex rel. Tam O'Shanter Co. v. Stark Cty. Bd. of Elections, 151 Ohio St.3d 134, 2017-Ohio-8167, 86 N.E.3d 332, ¶ 17, quoting State ex rel. Columbia Reserve Ltd. v. Lorain Cty. Bd. of Elections , 111 Ohio St.3d 167, 2006-Ohio-5019, 855 N.E.2d 815, ¶ 32 ("When interpreting statutory language, *894 '[w]e will not add a requirement that does not exist in the statute.' ").
{¶ 37} The trial court's duty to make an ability-to-pay determination under R.C. 2941.51(D) is very similar to the trial court's duty under R.C. 2929.19(B)(5) to consider the offender's present and future ability to pay before imposing financial sanctions. Just like R.C. 2941.51(D), the language of R.C. 2929.19(B)(5) does not require the trial court to make an explicit finding as to the defendant's ability to pay. As a result, we have consistently held that "a court imposing financial sanctions need not expressly state on the record that it considered an offender's ability to pay. * * * Where the trial court fails to make an explicit finding on a defendant's relative ability to pay, this court has observed that a trial court's consideration of this issue may be 'inferred from the record under appropriate circumstances.' " State v. Conley , 2015-Ohio-2553, 43 N.E.3d 775, ¶ 49 (2d Dist.), quoting State v. Parker , 2d Dist. Champaign No. 03CA0017, 2004-Ohio-1313, 2004 WL 541116, ¶ 42. More specifically, we have held that a trial court may comply with its duty under R.C. 2929.19(B)(5)" 'by considering a presentence investigation report ("PSI"), which includes information about the defendant's age, health, education, and work history.' " State v. Hull , 2d Dist. Clark No. 2016-CA-5, 2017-Ohio-7934, 2017 WL 4334169, ¶ 10, quoting State v. Willis , 2d Dist. Montgomery No. 24477, 2012-Ohio-294, 2012 WL 259845, ¶ 4.
{¶ 38} Given the similarities between R.C. 2941.51(D) and R.C. 2929.19(B)(5), the ability-to-pay determination under R.C. 2941.51(D) should also be inferred from a trial court's statement that it reviewed a PSI when the PSI contains information relevant to that determination. Therefore, I agree with the Twelfth District's holding that "a trial court complies with its duty to make an 'affirmative determination on the record' under R.C. 2941.51(D) when the record indicates that the court has considered a PSI containing the defendant's financial and employment information." State v. Christman , 12th Dist. Preble Nos. CA2009-03-007 and CA2009-03-008, 2009-Ohio-6555, 2009 WL 4810318, ¶ 39, citing State v. Lane , 12th Dist. Butler No. CA2002-03-069, 2003-Ohio-1246, 2003 WL 1193807, ¶ 23 and State v. Dunaway , 12th Dist. Butler No. CA2001-12-280, 2003-Ohio-1062, 2003 WL 928070, ¶ 40. "By explicitly stating that it considered the PSI and then proceeding to impose counsel costs, the trial court affirmatively determined that appellant could reasonably be expected to have the ability to pay these costs." Dunaway at ¶ 40. Accord State v. Flanagan , 12th Dist. Butler No. CA2002-05-120, 2003-Ohio-1444, 2003 WL 1477765, ¶ 26 ; State v. Lunsford , 12th Dist. Butler No. CA2001-12-284, 2003-Ohio-1442, 2003 WL 1477666, ¶ 18.
{¶ 39} Because the trial court indicated that it reviewed the PSI in this case, and the PSI contained information indicating that Taylor had the ability to pay court-appointed counsel fees, I would overrule Taylor's first assignment of error and affirm the judgment of the trial court.