[Cite as *State v. Moore*, 2024-Ohio-2382.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2023-CA-32 |
| | : | |
| v. | : | Trial Court Case No. 2023 CR 132 |
| | : | |
| KELLY ANN MOORE | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on June 21, 2024

. . . . . . . . . . .

NICOLE DIETZ, Attorney for Appellant

JANE A. NAPIER, Attorney for Appellee

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-Appellant, Kelly Ann Moore, appeals from her convictions and sentences on two counts of aggravated drug possession, both fifth degree felonies, and one count of operating a motor vehicle while under the influence of a listed controlled substance or metabolite of a controlled substance ("OVI"). The latter conviction was a

first-degree misdemeanor due to Moore's prior OVI conviction within the past ten years. After accepting Moore's guilty pleas and finding her guilty, the trial court imposed a total prison sentence of 12 months and a total fine of $1,000 for the three convictions.

**{¶ 2}** According to Moore, the trial court erred in failing to consider whether she had the ability to pay the financial sanctions. However, because Moore failed to raise this matter in the trial court, we review only for plain error. There was no plain error or any error, as the court properly considered Moore's ability to pay. Consequently, Moore's sole assignment of error will be overruled, and the trial court's judgment will be affirmed.

## I. Facts and Course of Proceedings

**{¶ 3}** On July 10, 2023, an indictment was filed in the trial court charging Moore with six counts of aggravated possession of drugs (methamphetamine), all fifth-degree felonies. Moore pled not guilty to the charges, and the court appointed counsel for Moore. An additional indictment was filed under the same case number on August 28, 2023, charging Moore with four additional counts: (A) three counts of operating a motor vehicle while under the influence of a listed controlled substance or metabolite of a controlled substance, after having been convicted of or having pled guilty to an OVI on November 5, 2018; and (B) another count of aggravated possession of drugs. These offenses, which occurred at the same time as the six previously-indicted offenses, were respectively classified as first-degree misdemeanors and as a fifth-degree felony. Consequently, the case ultimately involved 10 counts (seven felonies and three first-

degree misdemeanors).

{¶ 4} After Moore failed to appear for an August 30, 2023 scheduling conference, the court noted that Moore had also failed to appear for appointments at TCN Behavioral Health and had had three positive tests for methamphetamine in August 2023. The court then revoked Moore's "own recognizance" bond and ordered her to report to the Tri-County Regional Jail by September 4, 2023. Journal Entry (Aug. 30, 2023), p. 1-2. When Moore failed to report as directed, the court ordered the clerk to issue a capias for Moore's arrest. Journal Entry Ordering Capias (Sept. 13, 2023). After Moore's arrest, the court set another scheduling conference for September 26, 2023. On that date, Moore admitted to bond violations, and the court revoked her bond. Because the parties stated that they were working toward a plea resolution, the court set another scheduling conference for October 4, 2023.

{¶ 5} The court then held a plea hearing on October 4, 2023, during which Moore pled guilty to Counts One and Five (two fifth-degree aggravated drug possession charges) and Count Seven (a first-degree misdemeanor OVI charge). The State, in turn, agreed to these terms: (1) dismissal of the remaining counts; (2) recommendation of a presentence investigation; and (3) recommendation of community control. Transcript of Plea and Sentencing Hearing ("Tr."), 2-3.

{¶ 6} During the plea hearing, the court advised Moore of the possible penalties, including financial sanctions, for the charges in question. The potential fines for these charges were as follows: Count One, a maximum $2,500 fine; Count Five, a maximum $2,500 fine; and Count Seven, a maximum $1,625 fine. The court also informed Moore

that it could impose court costs and attorney fees. Moore stated that she understood. *Id.* at 7-10. After accepting the plea and finding Moore guilty, the court said it would not order a presentence investigation report ("PSI") and would proceed directly to sentencing. *Id.* at 20. The court further said that a PSI from a prior case, Case No. 2020 CR 126, was available if either counsel wished to see it. However, both sides declined to review the PSI. *Id.*

{¶ 7} During the sentencing hearing, the State recommended residential community control sanctions based on Moore's significant criminal history. The history included trafficking in marijuana, prior convictions for aggravated possession of drugs, a prior commitment to the state prison system, and conduct while on bond which indicated Moore was incapable of handling things on her own at that time. *Id.* at 22-23. In response, the defense asked the court to impose non-residential community control sanctions because Moore assisted in caring for a handicapped sister and would like to be able to continue to do so. *Id.* at 23-24. The defense also noted that Moore was capable of working full-time and then worked full-time for her fiancé, a private fencing contractor who was present in the courtroom. *Id.* at 4 and 24.

{¶ 8} Before imposing sentence, the court recounted Moore's prior criminal cases and her repeated violation of court orders and terms of substance abuse counseling. In addition, the court found Moore was employable, based on the prior PSI and the statements made in court that day, i.e., during the plea and sentencing hearings. Tr. at 29-30. The court then ordered Moore to pay the costs of the case and imposed a $250 fine each on Counts One and Five and a $1,000 fine on Count Seven. The fines were

imposed concurrently, with the combined total fine to be $1,000. Finally, the court imposed a total prison term of 12 months, with all sentences to run concurrently. *Id*. at 30.

{¶ 9} The written plea agreement and entry finding Moore guilty were filed on October 5, 2023. On the same day, the court filed a judgment entry imposing the sentence as ordered and dismissing Counts Two, Three, Four, and Six with prejudice. Journal Entry of Judgment, Conviction, and Sentence (Sentencing Entry) (Oct. 5, 2023). The court then filed an entry correcting a clerical error and dismissed the remaining counts (Counts Eight, Nine, and Ten) with prejudice. *See* Journal Entry of Correction (Oct. 10, 2023). These counts had been inadvertently omitted from the Sentencing Entry. Moore timely appealed from her convictions and sentences.

## II.   Imposition of Financial Sanctions

{¶ 10} Moore's sole assignment of error states that:

The Trial Court Erred by Imposing Financial Sanctions Without Properly Providing Evidence in the Record That Appellant Had a Present or Future Ability to Pay.

{¶ 11} Under this assignment of error, Moore claims the trial court erred in imposing fines without considering whether she had the ability to pay. She focuses on the fact that the prior PSI did not reflect her ability to pay at the time of sentencing in this case and on the fact that she was allegedly indigent and earned less than $150 per month. The latter assertion was based on a September 26, 2023 financial disclosure that was

purportedly attached to Moore's brief.   Moore Brief, p. 9.

**{¶ 12}** However, Moore's brief has no attachment, and no such form in the trial court file.   Even if this item had been attached to the brief, we would not consider it.   The law is well-established that "[a] reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter."   *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), paragraph one of the syllabus.

**{¶ 13}** In discussing the trial court's reference to the prior PSI and Moore's assertions in general, the State contends that Moore is precluded from raising anything other than plain error because she failed to object in the trial court.   The State also argues that the trial court did, in fact, consider Moore's financial ability.

**{¶ 14}** "Ordinarily, a failure to bring an error to the attention of the trial court at a time when the court could correct that error constitutes a waiver of all but plain error." *State v. Johnson*, 164 Ohio App.3d 792, 2005-Ohio-6826, 844 N.E.2d 372, ¶ 22 (2d Dist.), quoting *State v. Wickline*, 50 Ohio St.3d 114, 552 N.E.2d 913 (1990).   "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice."   *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.   *See also State v. Hull*, 2d Dist. Clark No. 2016-CA-5, 2017-Ohio-7934, ¶ 7 (limiting review of alleged error in considering defendant's ability to pay restitution because he failed to object in the trial court).

**{¶ 15}** We agree with the State that plain error review applies because Moore

failed to object in the trial court.   In that context, we will consider the fines imposed for the felonies and the misdemeanor.

## A.   Felony Fines

{¶ 16} As indicated, the fines for the two felonies totaled $500 but were included within the overall $1,000 fine.   Under R.C. 2929.18(A), trial courts may sentence felony offenders to "any financial sanction or combination of financial sanctions authorized under" R.C. 2929.18.   In that statute, the maximum fine for a fifth-degree felony is $2,500.   *See* R.C. 2929.18(A)(3)(e).   Furthermore, regarding conduct of sentencing hearings, R.C. 2929.19(B)(5) states that: "Before imposing a financial sanction under section 2929.18 of the Revised Code or a fine under section 2929.32 of the Revised Code, the court shall consider the offender's present and future ability to pay the amount of the sanction or fine."

{¶ 17} While inability to pay fines must be considered, " '[t]he trial court does not need to hold a hearing on the issue of financial sanctions, and there are no express factors that the court must take into consideration or make on the record.' "   *Hull*, 2d Dist. Clark No. 2016-CA-5, 2017-Ohio-7934, at ¶ 9, quoting *State v. Culver*, 160 Ohio App.3d 172, 2005-Ohio-1359, 826 N.E.2d 367, ¶ 57 (2d Dist.).   In fact, " '[a] trial court need not even state that it considered an offender's ability to pay.' "   *Id.*, quoting *Culver* at ¶ 57. "The record should, however, contain 'evidence that the trial court considered the offender's present and future ability to pay before imposing the sanction of restitution.' " *Culver* at ¶ 57, quoting *State v. Robinson*, 3d Dist. Hancock No. 5-04-12, 2004-Ohio-

5346, ¶ 17.

### B. Misdemeanor Fine

**{¶ 18}** Concerning the $1,000 fine for the OVI first-degree misdemeanor, R.C. 2929.22(A) states that:

> Unless a specific sanction is required to be imposed or is precluded from being imposed by the section setting forth an offense or the penalty for an offense or by any provision of sections 2929.23 to 2929.28 of the Revised Code, a court that imposes a sentence upon an offender for a misdemeanor may impose on the offender any sanction or combination of sanctions under sections 2929.24 to 2929.28 of the Revised Code. The court shall not impose a sentence that imposes an unnecessary burden on local government resources.

**{¶ 19}** Here, R.C. 4511.19 imposed such a specific sanction, and the $1,000 fine for Moore's OVI misdemeanor conviction was mandatory. *See* Sentence Entry at p. 10. In this regard, Moore was convicted of a violation of R.C. 4511.19(A)(1)(j)(i), (G)(1)(b). *Id.* at p. 2. This was based on Moore's prior OVI conviction.

**{¶ 20}** "The General Assembly enacted R.C. 4511.19 to criminalize intoxicated driving. It also established penalties designed to deter people from driving while intoxicated in order to protect Ohioans and their property from the damage that may follow." (Citations omitted.) *State v. O'Malley*, 169 Ohio St.3d 479, 2022-Ohio-3207,

206 N.E.3d 662, ¶ 55.   The General Assembly "did not treat all impaired drivers equally in R.C. 4511.19," but "enacted a graduated sentencing scheme that escalates an offender's punishment based on how many times the offender has been previously convicted of an OVI offense,"   *Id.*

{¶ 21} Under R.C. 4511.19(G)(1), when an individual (like Moore) has violated R.C. 4511.19(A)(1)(j), the court "shall sentence the offender for * * * the offense under Chapter 2929. of the Revised Code, *except* as otherwise authorized or required by divisions (G)(1)(a) to (e) of this section."   (Emphasis added.)   Here, subsection (G)(1)(b) applied and mandated that certain financial sanctions be imposed.

{¶ 22} Specifically, because Moore had been convicted of a prior OVI offense within the past ten years, R.C. 4511.19(G)(1)(b) required the trial court to sentence her to all the sanctions listed in that subsection (G)(1)(b)(i)-(v).   As relevant here, these sanctions included that the court must impose "[i]n all cases, notwithstanding the fines set forth in Chapter 2929. of the Revised Code, a fine of not less than five hundred twenty-five and not more than one thousand six hundred twenty-five dollars."   R.C. 4511.19(G)(1)(b)(iii).   Notably, R.C. 4511.19 does not require courts to consider a defendant's indigence or ability to pay.

{¶ 23} In its sentencing entry, the trial court attributed the $1,000 fine strictly to R.C. 4511.19(G)(1)(b)(iii).   Sentencing Entry at p. 10.   Furthermore, when a financial sanction is imposed under R.C. 4511.19(G), R.C. 2929.28 does not apply.   *See State v. Semenchuk*, 8th Dist. Cuyahoga No. 102636, 2015-Ohio-5408, ¶ 17.   This is consistent with the wording in R.C. 4511.19(G)(1)(b)(iii), which refers to fines "notwithstanding the

fines set forth in Chapter 2929 of the Revised Code."   Therefore, the trial court was not required to consider whether Moore had the ability to pay the misdemeanor fine.

**{¶ 24}** Returning to the subject of whether the trial court properly considered Moore's ability to pay, the court clearly did so.   In fact, the court specifically referenced Moore's own statements during the hearing, which indicated that she was working full-time.   The barrier Moore raises to support her inability to work full-time, i.e., the need to help care for a sibling, existed at the time of sentencing.   *See* Tr. at 24-25.   It did not prevent her from working full-time then.

**{¶ 25}** Based on the preceding discussion, neither plain error nor any error exists that would justify reversing the trial court's imposition of fines.   Accordingly, the sole assignment of error is overruled.


III.   Conclusion

**{¶ 26}** Moore's sole assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .


LEWIS, J. and HUFFMAN, J., concur.