[Cite as *State v. Wallace*, 2025-Ohio-770.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 30101 |
| | : | |
| v. | : | Trial Court Case No. 2022 CR 01804 |
| | : | |
| AHJAHNAY LATIFF WALLACE | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on March 7, 2025

. . . . . . . . . . .

ROBERT ALAN BRENNER, Attorney for Appellant

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Attorney for Appellee

. . . . . . . . . . . .

EPLEY, P.J.

{¶ 1} Ahjahnay Latiff Wallace appeals from her conviction on three counts of aggravated vehicular assault (suspension) and one count of driving under the influence of drugs and/or alcohol. She claims that the trial court erred in ordering her to pay restitution of $10,000. For the following reasons, the portion of the trial court's judgment

ordering restitution will be reversed, and the matter will be remanded for resentencing on restitution, including a hearing on the amount of restitution. In all other respects, the trial court's judgment will be affirmed.

## I. Facts and Procedural History

{¶ 1} At approximately 10:51 p.m. on March 21, 2022, Wallace was speeding while driving north in the southbound lane of Philadelphia Drive. When she reached Forest Grove Avenue, her Ford Focus (a compact sedan) struck a Saturn Vue (a compact SUV), and then both vehicles struck a Dodge Journey Crew (an SUV). A surveillance camera at a home on Forest Grove captured the crash.

{¶ 2} The Saturn flipped over three times and hit a tree, and its driver had to be extricated by the Dayton Fire Department. The Saturn's driver was hospitalized for approximately two weeks with multiple rib fractures, a pelvic fracture, a femur fracture, and injuries to the spleen and liver; he stated at sentencing that doctors had performed 24 surgeries since the collision. The Saturn also contained three passengers (an adult and two children), all of whom were taken to the hospital; the adult remained in the hospital for two days, a teenager had minor scratches and bruises, and a three-year-old child's leg was fractured in three places. The Dodge SUV came to rest in a yard on Forest Grove; its driver had minor injuries. Wallace's passenger was transported to the hospital with non-life-threatening injuries.

{¶ 3} Wallace did not complain of any injuries, but responding officers noticed signs of alcohol impairment: her eyes were watery, her speech was slurred and repetitive, she smelled of alcohol, and she was unsteady on her feet. Laboratory testing of a

sample of her whole blood showed a concentration of 0.161 grams.

{¶ 4} On November 3, 2022, Wallace was charged in a five-count indictment with three counts of aggravated vehicular assault (Counts 1-3), all felonies of the second degree, and two counts of operating a vehicle under the influence of alcohol and/or drugs (Counts 4-5), both misdemeanors of the first degree. Wallace sought to suppress the results of the blood draw, but the trial court denied her motion. Wallace subsequently pled no contest to the three aggravated vehicular assault charges and to Count 4, a violation of R.C. 4511.19(A)(1)(a). The State dismissed Count 5, an alleged violation of R.C. 4511.19(A)(1)(b) (prohibited concentration).

{¶ 5} On March 18, 2024, after a presentence investigation, the trial court conducted the sentencing hearing. As to restitution, the court expressed its understanding that there was a personal injury lawsuit against Wallace and noted that one victim (the Saturn's driver) had requested "a round figure of $10,000." The presentence investigation report indicated that this amount was for "nearly two years of lost wages, mental anguish, and pain and suffering." The State told the court that most of his medical bills had been covered, and restitution was requested primarily for lost wages. Defense counsel objected to restitution of $10,000, commenting that nothing had been provided to support that amount. The court expressed that, due to Marsy's Law, it did not believe that it had an obligation to consider Wallace's ability to pay.

{¶ 6} The trial court sentenced Wallace to an aggregate term of a minimum of two years to a maximum of three years in prison and a ten-year driver's license suspension. Wallace was ordered to pay a mandatory fine of $375, the non-waivable portion of court

costs, and $10,000 in restitution to the driver of the Saturn.

{¶ 7} Wallace appeals from her conviction, challenging the restitution order.

## II. Restitution

{¶ 8} In her sole assignment of error, Wallace claims that the trial court abused its discretion in two ways when it ordered her to pay $10,000 in restitution. First, she argues that the trial court awarded $10,000 with no supporting evidence, over her objection. Second, she asserts that the trial court failed to consider her present and future ability to pay, as required by R.C. 2929.19(B)(5).

{¶ 9} The State concedes that the trial court erred in ordering restitution without holding a restitution hearing. It asserts, however, that the record supports the conclusion that Wallace had an ability to pay restitution.

{¶ 10} R.C. 2929.18(A)(1) permits a trial court to order restitution "by the offender to the victim of the offender's criminal offense . . . in an amount based on the victim's economic loss." If the court imposes restitution, the court must determine, at sentencing, the amount of restitution to be made by the offender. R.C. 2929.18(A)(1). The victim, the prosecutor, and the offender, among others, may provide information relevant to the determination of the amount of restitution. *Id.* The court must hold a hearing on restitution if the offender or victim disputes the amount of restitution. *Id.*

{¶ 11} Before imposing restitution, the trial court must consider the offender's present and future ability to pay the amount of the sanction. R.C. 2929.19(B)(5); *State v. Barker*, 2025-Ohio-56, ¶ 47 (2d Dist.). The statute does not identify any specific

factors that the trial court must consider when determining the offender's present and future ability to pay; the only requirement is that the court "consider" the offender's present and future ability to pay. *State v. T.O.*, 2025-Ohio-15, ¶ 13 (2d Dist.), citing *State v. Philbeck*, 2015-Ohio-3375, ¶ 27 (2d Dist.).

{¶ 12} "Although preferable, the trial court is not required to state on the record that it considered an offender's present and future ability to pay so long as there is evidence in the record from which a reviewing court can infer that the trial court considered the offender's present and future ability to pay prior to imposing restitution." *Id.*, citing *State v. Hull*, 2017-Ohio-7934, ¶ 9-10 (2d Dist.). "For example, '[t]he trial court may comply with its obligation by considering a presentence investigation report ("PSI"), which includes information about the defendant's age, health, education, and work history.' " *Hull* at ¶ 10, quoting *State v. Willis*, 2012-Ohio-294, ¶ 4 (2d Dist.).

{¶ 13} In this case, the State indicated at the sentencing hearing that the Saturn driver's request for $10,000 in restitution was "kind of a rough estimate" of his economic loss. Defense counsel objected to the imposition of $10,000 in restitution, indicating that he had not received anything to support that request, and it was not something Wallace would agree to. We agree with the State and Wallace that, under these circumstances, the trial court was required to hold a hearing on the amount of restitution.

{¶ 14} As to the trial court's consideration of Wallace's ability to pay, the State notes that, since Marsy's Law became effective, two Ohio appellate districts have held that a trial court no longer needs to consider a defendant's present and future ability to pay before imposing restitution. Appellant's Brief at 5, citing *Cleveland v. Rudolph*, 2022-

Ohio-2363, ¶ 18 (8th Dist.), and *State v. Oliver*, 2021-Ohio-2543, ¶ 54-72 (12th Dist.). The State further recognizes, however, that we have continued to require trial courts to consider a defendant's present and future ability to pay, pursuant to R.C. 2929.19(B)(5). The State does not ask us to reconsider our prior holdings, and we decline to do so here.

{¶ 15} The State asserts that the information contained in the PSI supported the conclusion that Wallace had the ability to pay the ordered restitution. The trial court indicated at sentencing that it had received and reviewed the PSI, but it expressly stated that it believed that it did not have to consider Wallace's ability to pay in light of Marsy's Law. Given that statement, we cannot infer that the trial court considered the PSI for the purpose of evaluating Wallace's ability to pay restitution, even though the court otherwise considered the PSI when sentencing Wallace.

{¶ 16} Even if the trial court had considered Wallace's present and further ability to pay at the March 18, 2024 sentencing hearing, the trial court must consider restitution anew due to its failure to hold a hearing on the amount of restitution. The trial court should consider Wallace's present and future ability to pay prior to imposing restitution, if any, upon remand.

{¶ 17} Wallace's assignment of error is sustained.

### III. Conclusion

{¶ 18} The portion of the trial court's judgment ordering restitution will be reversed, and the matter will be remanded for resentencing on restitution, including a hearing on the amount of restitution. In all other respects, the trial court's judgment will be affirmed.

. . . . . . . . . . . . .

TUCKER, J. and HUFFMAN, J., concur.