[Cite as *State v. Parker*, 2015-Ohio-274.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-140179 |
| | | TRIAL NO. B-0904917 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| GILBERT PARKER, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Vacated

Date of Judgment Entry on Appeal: January 28, 2015

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Rachel Lipman Curran*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Gilbert Parker*, pro se.

Please note: this case has been removed from the accelerated calendar.

**FISCHER, Judge.**

{¶1}    Gilbert Parker appeals pro se from the trial court's March 5, 2014 judgment, ordering the probation department to "accept and distribute" his payment of court costs and probation fees.  Because the trial court had already terminated Parker's community control, closed his case, and ordered the court costs remitted in an entry dated October 29, 2013, we conclude that the trial court had no authority to enter the March 5, 2014 judgment.  Therefore, we vacate the trial court's March 5, 2014 judgment.

### Factual and Procedural Posture

{¶2}    Parker pleaded guilty to one count of attempted carrying a concealed weapon, a fifth-degree felony, in violation of R.C. 2923.02(A).  On May 18, 2010, the trial court sentenced Parker to three years' community control upon certain terms and conditions, including that Parker "pay court costs herein, plus standard probation fees."

{¶3}    On October 29, 2013, the trial court journalized an entry terminating Parker's community control.  It provided as follows:

On May 18, 2010, the Court placed the captioned defendant onto 3 years of community control.  The probationer was declared an absconder on October 29, 2010 and a warrant duly issued.  Community control was restored April 5, 2011, and continued to an expiration date of October 22, 2013.  The Court now comes to find that October 22, 2013 passed without action to continue community control.  The Court finds that upon time the community control has expired. Being fully apprised of the premises herein by the Adult Probation Department, the Court hereby comes to order the community control terminated and the case closed, costs remitted.  This order is made nunc pro tunc to October 22, 2013.

{¶4}    On March 5, 2014, the trial court journalized an entry ordering the probation department to accept and disburse funds paid by Parker.  That entry provided:

On May 18, 2010, the Court placed the captioned defendant onto 3 years of community control.  As a condition of supervision, the court ordered the probationer to pay $1450.20 in court costs, and $900.00 for a community control supervision fee.  The probationer was declared an absconder on October 29, 2010.  The community control was restored on April 5, 2011, and continued to an expiration date of October 22, 2013.  It appeared on October 29, 2013, the court came to order the community control terminated nunc pro tunc to October 22, 2013.  At the time of the termination order, the probationer continued to owe the entire order for court costs and the supervision fee.  The Court finds that the order terminating community control notwithstanding the order for the probationer to pay the court costs and supervision fee remains a judgment order of the Court.

The Court is now well advised by the Adult Probation Department that the probationer now has the financial ability to satisfy the judgment. The Court is further advised that the probationer has advised voluntary willingness to settle the judgment in full.  The Court hereby comes to order the Adult Probation Department to accept the funds to thereafter distribute them to the proper accounts.

{¶5}    On March 24, 2014, the clerk noted on the transcript the receipt of $1450.20 from "probation."  On April 4, 2014, Parker filed a notice of appeal.

### *Analysis*

{¶6}     In his third assignment of error, Parker argues "the trial court erred in reopening his case and ordering him to pay costs."

{¶7}     On May 18, 2010, the trial court, in its original order of community control, imposed court costs and probation fees as a condition of Parker's community control.  On October 29, 2013, the trial court terminated Parker's community control and remitted the court costs.   Once the trial court had terminated Parker's community control, closed the case, and remitted the court costs, the trial court had no authority to order the probation department to accept Gilbert's payment of the court costs and fees. *See State v. Gilbert*, Slip Opinion No. 2014-Ohio-4562, ¶ 9-10; *State v. Hostetter*, 6th Dist. Sandusky No. 5-10-052, 2012-Ohio-5003, ¶ 4-9 (holding the trial court had no jurisdiction to compel the defendant to pay court costs, fines, and restitution that had been imposed as conditions of his community-control sentence once it had terminated his community control); *see also* R.C. 2951.021(A)(3) (providing that the state may recover any unpaid probation fees imposed by way of a civil action).  We, therefore, sustain Parker's third assignment of error to the extent he challenges the trial court's authority to enter the March 5, 2014 judgment, and hereby vacate that judgment.

{¶8}     Parker's two remaining assignments of error, in which he argues that the trial court erred by failing to inform him and his attorney of the October 29, 2013 and March 5, 2014 entries, and by failing to afford him counsel during those hearings, are rendered moot by our disposition of his third assignment of error, and we do not address them.  The March 5, 2014 judgment of the trial court is hereby vacated.

Judgment vacated.

**HENDON, P.J**, concurs.
**DEWINE, J.,** concurs separately.

4

**DEWINE, J.,** concurring separately.

{¶9}     I agree that the trial court lacked jurisdiction to take further action as it relates to the collection of probation fees and court costs once it had terminated probation.   In addition, since costs had been remitted by order of the court, I would remand with instructions to the trial court to vacate its March 5, 2014 order and to order the return of the $1450.20 in court costs that had been improperly collected. *See* App.R. 12(D).

Please note:
      The court has recorded its own entry this date.