[Cite as *State v. Phillips*, 2022-Ohio-1262.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 29087 |
| | : | |
| v. | : | Trial Court Case No. 2019-CR-582/1 |
| | : | |
| TESSE R. PHILLIPS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 15th day of April, 2022.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
　　　Attorney for Plaintiff-Appellee

THOMAS W. KIDD, JR., Atty. Reg. No. 0066359, P.O. Box 231, Harveysburg, Ohio 45032
　　　Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Tesse R. Phillips, appeals from her conviction in the Montgomery County Court of Common Pleas after she pled guilty to one count of aggravated possession of drugs.   Specifically, Phillips contends that the trial court erred by ordering her to pay a $130 appointed-counsel fee as part of her sentence.   Phillips also contends that the trial court erred by ordering her to pay a $250 supervision fee without first considering her present and future ability to pay the fee.   For the reasons outlined below, the portion of Phillips' sentence ordering her to pay a $130 appointed-counsel fee will be vacated. The judgment of the trial court will be affirmed in all other respects. The matter will be remanded to the trial court for purposes of ordering the appointed-counsel fee to be paid as a separate civil assessment.

## Facts and Course of Proceedings

{¶ 2} On April 3, 2019, a Montgomery County grand jury returned an indictment charging Phillips with one count of aggravated possession of drugs (methamphetamine) in violation of R.C. 2925.11(A), a felony of the fifth degree.   Following her indictment, Phillips filed a motion requesting the trial court to consider Intervention in Lieu of Conviction ("ILC").   The trial court thereafter held an ILC hearing on October 13, 2020. During the ILC hearing, the trial court found that Phillips was eligible for ILC, and Phillips pled guilty to the indicted charge.   The trial court then granted Phillips' request for ILC and withheld an adjudication of guilt on the condition that Phillips successfully complete her ILC plan.

{¶ 3} Five months after Phillips was placed on ILC, Phillips' probation officer filed

a request for an ILC revocation hearing on grounds that Phillips had allegedly violated certain terms of her ILC plan. The trial court thereafter held an ILC revocation hearing, during which Phillips admitted to violating the terms of her ILC plan by refusing to complete the MonDay Program. Based on that admission, the trial court revoked Phillips' ILC.

{¶ 4} After revoking Phillips' ILC, the trial court sentenced Phillips for the aggravated possession of drugs offense to which she pled guilty. In doing so, the trial court imposed a term of community control with the only sanction being that Phillips serve six months in jail. The trial court ordered Phillips' community control to be terminated as unsuccessful once Phillips completed the six-month jail term. The trial court also ordered Phillips to pay "all costs previously ordered." Trans. (Mar. 24, 2021), p. 3. Specifically, the trial court ordered Phillips to pay $130 to the assigned-counsel-budget fund, a $250 supervision fee, and court costs. Phillips then appealed from her conviction.

{¶ 5} In proceeding with the appeal, Phillips' appellate counsel filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of any issues with arguable merit for appeal. On October 14, 2021, we rejected the *Anders* brief after finding at least two issues with arguable merit for appeal. We therefore appointed new appellate counsel to represent Phillips and ordered counsel to file a brief addressing the issues we identified, as well as any other issues that counsel deemed appropriate. Phillips' new counsel thereafter filed an appellate brief asserting two assignments of error for review. Both assignments of error challenge the portion of Phillips' sentence ordering her to pay a $130 appointed-counsel fee and a $250

supervision fee.

{¶ 6} While Phillips' *Anders* appeal was pending before this court, Phillips completed her six-month jail term, and the trial court issued an entry terminating Phillips' community control. Because Phillips completed her jail term and had her community control terminated, the State contends that the instant appeal is moot. Therefore, before reviewing Phillips' assignments of error, we will first address the State's mootness claim.

**Mootness Claim**

{¶ 7} The State argues that the instant appeal is moot because Phillips is not challenging her felony conviction, but only her sentence, which the State claims Phillips has already served by virtue of the trial court terminating her community control. The State therefore asserts that this court can no longer provide any meaningful relief to Phillips on appeal. We, however, disagree.

{¶ 8} "As a general rule, when a convicted defendant 'has voluntarily paid the fine or completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction.' " *State v. Muwwakkil*, 2d Dist. Clark No. 2018-CA-37, 2018-Ohio-4443, ¶ 7, quoting *State v. Wilson*, 41 Ohio St.2d 236, 325 N.E.2d 236 (1975), syllabus. "A collateral disability is an adverse legal consequence of a conviction or judgment that survives despite the court's sentence having been satisfied or served." (Citation omitted.) *In re S.J.K.*, 114 Ohio St.3d 23, 2007-Ohio-2621, 867 N.E.2d 408, ¶ 10. "For example, a person may be subject to

further penalties or disabilities under state or federal law even after a judgment has been satisfied." (Citation omitted.) *Id.*

{¶ 9} However, " 'an appeal challenging a felony conviction is not moot even if the entire sentence has been satisfied before the matter is heard on appeal[,]' because '[a] person convicted of a felony has a substantial stake in the judgment of conviction which survives the satisfaction of the judgment imposed upon him or her.' " *Muwwakkil* at ¶ 8, quoting *State v. Golston*, 71 Ohio St.3d 224, 643 N.E.2d 109 (1994), syllabus; *Cyran v. Cyran*, 152 Ohio St.3d 484, 2018-Ohio-24, 97 N.E.3d 487, ¶ 9, citing *Golston* at 227 ("due to the numerous statutory restrictions imposed on convicted felons, an appeal of a felony conviction is not moot even if the entire sentence has been satisfied before the matter is heard on appeal").

{¶ 10} That said, "[t]he analysis is different * * * when the appeal relates not to a defendant's felony conviction but, instead, to an already-served sentence." *State v. Ingledue*, 2d Dist. Clark No. 2018-CA-47, 2019-Ohio-397, ¶ 9. This is because " '[i]f an individual has already served his [or her] sentence and is only questioning whether or not the sentence was correct, there is no remedy that can be applied that would have any effect in the absence of a reversal of the underlying conviction." ' " *State v. Wright*, 2d Dist. Montgomery No. 26471, 2015-Ohio-3919, ¶ 25, quoting *State v. Montavon*, 10th Dist. Franklin No. 12AP-631, 2013-Ohio-2009, ¶ 6, quoting *Columbus v. Duff*, 10th Dist. Franklin No. 04AP-901, 2005-Ohio-2299, ¶ 12. Therefore, "[a]n appeal attacking an already-served felony sentence is moot when there is no indication that the sentence, as opposed to the conviction, will cause the defendant to suffer some collateral disability or

loss of civil rights." *Ingledue* at ¶ 10, citing *Wilson* at 237-238 and *Muwwakkil* at ¶ 7.

{¶ 11} As previously noted, the State asserts that the instant appeal is moot because Phillips is only challenging her felony sentence, which the State claims Phillips has already served since the trial court terminated her community control. "[W]hen a trial court terminates or revokes a defendant's community control, it is implicit that the term of community control ends." *State v. Filous*, 2017-Ohio-7203, 95 N.E.3d 573, ¶ 10 (4th Dist.). Once community control is terminated, the trial court lacks jurisdiction to compel the defendant to pay court costs, fines, and restitution that were imposed as conditions of the defendant's community-control sentence. *State v. Hostetter*, 6th Dist. Sandusky No. 5-10-052, 2012-Ohio-5003, ¶ 7-8; *State v. Parker*, 1st Dist. Hamilton No. C-140179, 2015-Ohio-274, ¶ 7.

{¶ 12} In this case, the record indicates that the only community control sanction imposed by the trial court was a six-month jail term, as the trial court stated the following at Phillips' sentencing hearing: "I'm gonna sentence you to community control sanctions *with the only sanction being that you'll serve six additional months or 180 days from today in jail*, after which time your supervision will be terminated as unsuccessful." (Emphasis added.) Trans. (Mar. 24, 2021), p. 3. After making that statement, the trial court advised Phillips that it was also ordering her "to pay all costs as previously ordered." *Id*. These statements by the trial court indicate that the order for Phillips to pay previously imposed costs was not imposed as a community control sanction. This is also reflected in the corresponding termination entry, which imposed the costs as a "Financial Obligation" as opposed to a "Financial Sanction" that was imposed as a condition of

Phillips' community control.   *See* Termination Entry (Mar. 30, 2021).

{¶ 13} The previously imposed costs that the trial court ordered Phillips to pay included the $130 appointed-counsel fee and the $250 supervision fee.   There is nothing in the record indicating that the trial court waived these financial obligations when it terminated Phillips' community control.   Moreover, the record indicates that Phillips has not paid any of these financial obligations.   Therefore, because Phillips is specifically challenging the trial court's imposition of the appointed-counsel and supervision fees, which are still owed, the instant appeal is not moot.   The State's claim otherwise lacks merit.

### First Assignment of Error

{¶ 14} Under her first assignment of error, Phillips contends that the trial court erred by ordering her to pay the $130 appointed-counsel fee as part of her sentence. The State concedes error in this regard, and we agree that the trial court erred.

{¶ 15} When reviewing a felony sentence, this court applies the standard of review set forth in R.C. 2953.08(G)(2).   *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 7-10.   Under that statute, an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under certain enumerated statutes or that the sentence is otherwise contrary to law.   *Id.* at ¶ 1, 9.

{¶ 16} In this case, the trial court was not required to make any findings under the relevant statutes enumerated in R.C. 2953.08(G)(2).   Therefore, Phillips' sentence may

not be modified or vacated on appeal unless there is clear and convincing evidence establishing that the sentence is otherwise contrary to law. " '[C]ontrary to law' means that a sentencing decision manifestly ignores an issue or factor which a statute requires a court to consider." (Citation omitted.) *State v. Lofton*, 2d Dist. Montgomery No. 19852, 2004-Ohio-169, ¶ 11; *State v. Houston*, 2d Dist. Montgomery No. 29114, 2021-Ohio-3374, ¶ 7.

{¶ 17} R.C. 2941.51(D) governs the payment of appointed-counsel fees and provides, in relevant part, that such fees:

shall not be taxed as part of the costs and shall be paid by the county. However, if the person represented has, or reasonably may be expected to have, the means to meet some part of the cost of the services rendered to the person, the person shall pay the county an amount that the person reasonably can be expected to pay.

{¶ 18} In *State v. Taylor*, 163 Ohio St.3d 508, 2020-Ohio-6786, 171 N.E.3d 290, the Supreme Court of Ohio analyzed R.C. 2941.51(D) and other related statutes, and it held that while appointed-counsel fees may be assessed at sentencing, such fees cannot be included as a part of a defendant's sentence and should instead be imposed in a separate entry. *Id.* at ¶ 32-39. The Supreme Court found this to be the case because "there is no statutory authority allowing a trial court to 'sentence' a defendant to pay court-appointed-counsel fees[.]" *Id.* at ¶ 35. Therefore, the Supreme Court instructed that "if the assessment of [court-appointed-counsel] fees is included in the sentencing entry, the court must note that the assessment of the court-appointed-counsel fees is a civil

assessment and is not part of the defendant's sentence." *Id.* at ¶ 37. However, the court noted that "[t]o avoid confusion, the best practice would be to include the order in a separate entry, apart from the sentence." *Id.*

**{¶ 19}** In *Taylor*, the trial court imposed community control sanctions on the defendant and ordered the defendant to pay a $250 supervision fee, court costs, and $130 to the assigned-counsel-budget fund. *Id.* at ¶ 5. The $130 appointed-counsel fee was listed in the "Financial Obligations" section of the defendant's sentencing entry, along with the supervision fee and court costs. *Id.* at ¶ 6. The appointed-counsel fee was also included on the second page of the sentencing entry in the "Reimbursements Payable" section. *Id.* The Supreme Court held that the trial court improperly listed the appointed-counsel fee as a "financial obligation" and as "reimbursement" in the sentencing entry and thus vacated the portion of the sentencing entry imposing the appointed-counsel fee. *Id.* at ¶ 38-39.

**{¶ 20}** As in *Taylor*, the trial court in this case issued a sentencing entry that ordered Phillips to pay $130 to the assigned-counsel-budget fund. Also like *Taylor*, the sentencing entry in this case listed the $130 payment under sections titled "Financial Obligations" and "Reimbursements Payable." Relying on *Taylor*, we find that the portion of the trial court's sentencing entry ordering Phillips to pay the appointed-counsel fee was erroneous and must be vacated. This is because the sentencing entry does not indicate that the appointed-counsel fee represents a civil assessment that it is not part of Phillips' criminal sentence. *See State v. Maston*, 2d Dist. Montgomery No. 28956, 2021-Ohio-1975, ¶ 29.

{¶ 21} Phillips' first assignment of error is sustained.

**Second Assignment of Error**

{¶ 22} Under her second assignment of error, Phillips contends that the trial court erred by ordering her to pay a $250 supervision fee without first considering her present and future ability to pay the fee. Upon review, we find that Phillips' claim lacks merit.

{¶ 23} Before imposing a financial sanction (such as a supervision fee) as part of a sentence, trial courts are required to consider a defendant's present and future ability to pay the financial sanction at the sentencing hearing. R.C. 2929.19(B)(5); R.C. 2929.18(A)(5)(a)(i). To satisfy this duty, a trial court need not expressly state that it considered an offender's ability to pay. *State v. Garrett*, 2d Dist. Montgomery No. 25426, 2013-Ohio-3035, ¶ 7; *State v. Parker*, 2d Dist. Champaign No. 2003-CA-17, 2004-Ohio-1313, ¶ 42. "The record should, however, contain 'evidence that the trial court considered the offender's present and future ability to pay before imposing the [financial sanction].' " *State v. Culver*, 160 Ohio App.3d 172, 2005-Ohio-1359, 826 N.E.2d 367, ¶ 57 (2d Dist.), quoting *State v. Robinson*, 3d Dist. Hancock No. 5-04-12, 2004-Ohio-5346, ¶ 17. If "the trial court fails to make an explicit finding on a defendant's relative ability to pay, this court has observed that a trial court's consideration of this issue may be 'inferred from the record under appropriate circumstances.' " *State v. Conley*, 2015-Ohio-2553, 43 N.E.3d 775, ¶ 49 (2d Dist.), quoting *Parker* at ¶ 42. For example, "[t]he trial court may comply with its obligation by considering a presentence investigation report ('PSI'), which includes information about the defendant's age, health, education, and work

history." (Citation omitted.) *State v. Willis*, 2d Dist. Montgomery No. 24477, 2012-Ohio-294, ¶ 4. *Accord State v. Hull*, 2d Dist. Clark No. 2016-CA-5, 2017-Ohio-7934, ¶ 9-10.

**{¶ 24}** In this case, the trial court did not explicitly find that Phillips had a present or future ability to pay the $250 supervision fee. The trial court did, however, indicate in the sentencing entry that it had "received a written report of a pre-sentence investigation submitted by the Division of Criminal Justice Services of this Court." Despite this, Phillips contends that the trial court's cursory mention of receiving, not reviewing, the PSI is insufficient to infer that the trial court considered her present and future ability to pay the supervision fee. We disagree.

A general principle of appellate review is the presumption of regularity, that is, a trial court is presumed to have followed the law unless the contrary is made to appear in the record. Thus, the court of appeals generally presumes regularity in the proceedings below, and all presumptions will be indulged in support of the validity and correctness of the proceedings below. Also, in appeals, all reasonable presumptions consistent with the record will be indulged in favor of the legality of the proceedings below. The law presumes that the decree or judgment was made upon proper grounds; that the court below applied the law correctly; that a trial judge performed one's duty and did not rely upon anything in reaching a decision upon which one should not have relied; and that the action below was justified.

5 Ohio Jurisprudence 3d, Appellate Review, Section 454; *In re D.E.W.*, 2d Dist. Miami

No. 2009-CA-2, 2009-Ohio-4116, ¶ 39, citing *Thomas v. Thomas*, 2d Dist. Clark No. 1998-CA-55, 1999 WL 812385, *2 (Sept. 17, 1999).

**{¶ 25}** When applying the aforementioned presumption of regularity, and in the absence of any evidence to the contrary, we presume that by indicating it received Phillips' PSI, the trial court performed its duty under the law to consider the contents of the PSI. *See* R.C. 2951.03(A)(1) ("no person who has been convicted of or pleaded guilty to a felony shall be placed under a community control sanction until a written presentence investigation report has been considered by the court").

**{¶ 26}** The PSI at issue contained information regarding Phillips' age, physical health, mental health, education, and work history. The PSI indicated that Phillips, who was then 34 years old, claimed to have a GED diploma and a Chemical Dependency Counselor Certificate from Sinclair Community College. The PSI also indicated that Phillips was unemployed at the time of her conviction and was being financially supported by her family, but was previously employed by Kentucky Fried Chicken, Bob Evans, and Color Q. Thus, the PSI contained information pertaining to Phillips' present and future ability to pay financial sanctions. Therefore, by considering the contents of the PSI, we can infer that the trial court fulfilled its duty to consider Phillips' present and future ability to pay the $250 supervision fee.

**{¶ 27}** Phillips' second assignment of error is overruled.

## Conclusion

**{¶ 28}** Having sustained Phillips' first assignment of error, the portion of Philips'

sentence requiring her to pay a $130 appointed-counsel fee is vacated. The judgment of the trial court is affirmed in all other respects. The matter is remanded to the trial court for purposes of issuing a separate entry ordering Phillips to pay the $130 fee as a civil assessment.

. . . . . . . . . . . . .

EPLEY, J. and LEWIS, J., concur.


Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Thomas W. Kidd, Jr.
Hon. Mary Katherine Huffman