[Cite as *State v. Price*, 2023-Ohio-2810.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

APRIL PRICE,

    DEFENDANT-APPELLANT.

CASE NO. 3-23-04

O P I N I O N

Appeal from Crawford County Common Pleas Court
Trial Court No. 22-CR-0372

**Judgment Affirmed**

**Date of Decision: August 14, 2023**

APPEARANCES:

    *Autumn D. Adams* **for Appellant**

    *Daniel J. Stanley* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant April Price ("Price") brings this appeal from the judgment of the Common Pleas Court of Crawford County convicting her of one count of aggravated trafficking in drugs and sentencing her to 36 months in prison. On appeal, Price argues that the trial court erred by not considering the mitigating factors when sentencing her. For the reasons that follow, the judgment is affirmed.

{¶2} On November 15, 2022, the Crawford County Grand Jury indicted Price on two counts of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(1), (C)(1)(c), felonies of the third degree. On January 24, 2023, Price and the State reached a plea agreement. The terms of the agreement included the following.

> The Defendant will be entering a plea of guilty to Count 1, Aggravated Trafficking in Drugs, a 3rd degree felony.
>
> The defendant [sic] be sentenced to 36 months in prison, with jail time credit, on this case consecutive to 12 months in prison on case number 22 CR 402, for a total aggregate sentence of 48 months in prison.
>
> Pay a DRUG FINE O.R.C. 2929.18(B) of $5,000.00 on Count 1 plus the costs of this action and pay costs of supervision.
>
> * * *
>
> In exchange for Defendant's change in plea to Count 1, the State will request the remaining charges in this case be dismissed.

Doc. 18 at 2-3. The trial court accepted the guilty plea. The trial court then proceeded immediately to sentencing and imposed the agreed sentence.

**{¶3}** Price appeals from this sentence and on appeal raises the following assignment of error.

**Price was sentenced without consideration of the mitigating factors.**

Price's sole assignment of error alleges that the trial court failed to consider the mitigating factors of R.C. 2929.12. However, a review of the record shows that the sentence imposed was identical to the one to which Price agreed in the plea agreement. "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." R.C. 2953.08(D)(1).

**{¶4}** In this case Price appears to argue that the sentence was not authorized by law because the trial court did not consider the factors listed in R.C 2929.12. There is no question that the sentence imposed was within the statutory range and no findings were required in order to impose the sentences consecutively since the parties agreed to it. *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627. A review of the record shows that the trial court indicated that it did consider the statutory factors.

**{¶5}** Even if this Court were to find that the trial court's statements regarding its consideration of the statutory factors was insufficient, the reason why the factors must be considered is to provide guidance to the court in determining the appropriate

sentence to fulfill the purposes and principles of sentencing. R.C. 2929.12. In the cases where there is an agreed sentence, the parties have already determined what that appropriate sentence is and the need for the trial court to make that determination is no longer necessary as the purpose of the consideration is already fulfilled. Thus, the sentence was authorized by law.

{¶6} The sentence in this case was jointly agreed upon by both Price and the State. The trial court imposed the agreed sentence. As discussed above, the sentence was authorized by law. "In discussing jointly recommended sentences, the Ohio Supreme Court has recognized that '[t]he General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate.'" *State v. Morris*, 3d Dist. Hardin No. 6-12-17, 2013-Ohio-1736, ¶ 11 quoting *State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, ¶ 25, 829 N.E.2d 690. Thus, the sentence is not reviewable pursuant to R.C. 2953.08(D)(1). The assignment of error is overruled.

{¶7} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Common Pleas Court of Crawford County is affirmed.

*Judgment Affirmed*

**MILLER, P.J. and WALDICK, J., concur.**

**/hls**

-4-