[Cite as *State v. Frazier*, 2024-Ohio-518.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
HARDIN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

ANDREW P. FRAZIER,

    DEFENDANT-APPELLANT.

CASE NO. 6-23-13

O P I N I O N

Appeal from Hardin County Common Pleas Court
Trial Court No. CRI 20232030

Judgment Affirmed

Date of Decision:  February 12, 2024

APPEARANCES:

    *Howard A. Elliott* **for Appellant**

    *McKenzie J. Klinger* **for Appellee**

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant Andrew P. Frazier ("Frazier") appeals the judgment of the Hardin County Court of Common Pleas, alleging that the trial court erred at sentencing. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} On February 15, 2023, Frazier was indicted on one count of having weapons while under disability in violation of R.C. 2923.13(A)(2), a third-degree felony and one count of receiving stolen property in violation of R.C. 2913.51(A), a fourth-degree felony. Frazier was on post-release control at the time these offenses were committed. On July 26, 2023, Frazier pled guilty to the second count in the indictment while the first count was dismissed pursuant to a plea agreement. The trial court then imposed a jointly recommended sentence, ordering Frazier to serve the balance of time remaining on his post-release control sanction in addition to a prison term for the instant offense.

*Assignment of Error*

{¶3} Frazier filed his notice of appeal on August 9, 2023. On appeal, he raises the following assignment of error:

> The trial court committed reversible error in sentencing the Defendant/Appellant after commission of a felony, to the balance of PRC time from a prior conviction without crediting time imposed as by way of APA sanctions arising out of the criminal conviction before

the court and by failing to measure the time remaining of post-release control as of the date of sentencing all of which requires the sentence to be vacated and the matter remanded to the trial court for further proceedings.

*Standard of Review*

**{¶4}** "R.C. 2953.08 governs appeals based on the felony sentencing guidelines." *State v. Brill*, 2023-Ohio-404, 207 N.E.3d 1274, ¶ 6 (3d Dist.). Under this provision, a defendant may appeal a sentence on the basis that it is contrary to law. R.C. 2953.08(A)(4). However, R.C. 2953.08(D)(1) also states that

> A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge.

Further, an appellate court may modify or vacate a sentence under R.C. 2953.08(G)(2) "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1.

*Legal Standard*

**{¶5}** "R.C. 2929.141 governs sentencing for a felony offense committed while on post-release control * * *." *State v. Murray*, 4th Dist. Highland No. 16CA24, 2017-Ohio-1293, ¶ 10. This provision reads, in its relevant part, as follows:

(A) Upon the conviction of or plea of guilty to a felony by a person on post-release control at the time of the commission of the felony, the court may terminate the term of post-release control, and the court may * * *:

(1) In addition to any prison term for the new felony, impose a prison term for the post-release control violation. The maximum prison term for the violation shall be the greater of twelve months or the period of post-release control for the earlier felony minus any time the person has spent under post-release control for the earlier felony. In all cases, any prison term imposed for the violation shall be reduced by any prison term that is administratively imposed by the parole board as a post-release control sanction. * * * The imposition of a prison term for the post-release control violation shall terminate the period of post-release control for the earlier felony.

### *Legal Analysis*

{¶6} In this case, Frazier did not raise an objection before the trial court over the issue he now brings to our attention. Thus, we review for plain error only.[1] "For plain error to apply, the trial court must have deviated from a legal rule, the error must have been an obvious defect in the proceeding, and the error must have affected a substantial right." *State v. Bradshaw*, 2023-Ohio-1244, 213 N.E.3d 117, ¶ 21 (3d Dist.). "[T]he *defendant* bears the burden of demonstrating that a plain error affected his substantial rights." (Emphasis sic.) *State v. Perry*, 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643, ¶ 14.

{¶7} On appeal, Frazier merely asserts that the trial court *may not* have properly calculated the amount of time he had remaining on his post-release control

---

[1] Courts have found plain error where a sentence is contrary to law. *State v. Walters*, 4th Dist. Adams No. 15CA1009, 2016-Ohio-5783, ¶ 2; *State v. Dowdell*, 8th Dist. Cuyahoga No. 111026, 2022-Ohio-2956, ¶ 9; *State v. Wilson*, 10th Dist. Franklin No. 12AP-551, 2013-Ohio-1520, ¶ 18.

sanction. *State v. Pearce*, 12th Dist. Clermont No. CA2013-12-091, 2014-Ohio-3783, ¶ 10-12. While the appellant "has the burden of affirmatively demonstrating the error of the trial court on appeal," Frazier does not identify any evidence that would suggest that the trial court's calculations were incorrect or even state the length of the sentence that he believes should have been imposed for his post-release control violation. *State v. Selzer*, 9th Dist. Summit No. 23174, 2006-Ohio-6912, ¶ 7.

{¶8} Turning to the record, the trial court imposed a sentence that was jointly recommended by both parties in this case. In this process, the trial court relied upon a report from the Ohio Department of Rehabilitation and Corrections ("ODRC") that stated the number of days that Frazier had remaining on his post-release control sanction as of the date of sentencing. After the trial court referred to this report, defense counsel privately conferred with Frazier about the length of time he had remaining on his post-release control sanction.

{¶9} After the break, defense counsel stated that he and Frazier had reviewed the figures in the ODRC report. Frazier stated that he understood the length of the sentence for his post-release control violation and the terms of the jointly recommended sentence. After this process, Frazier pled guilty. The trial court then terminated Frazier's post-release control and imposed the jointly recommended sentence.

**{¶10}** The record before us does not contain a copy of the ODRC report that was used at the sentencing hearing. However,

> [a] general principle of appellate review is the presumption of regularity, that is, a trial court is presumed to have followed the law unless the contrary is made to appear in the record. * * * Also, in appeals, all reasonable presumptions consistent with the record will be indulged in favor of the legality of the proceedings below. The law presumes that the decree or judgment was made upon proper grounds; that the court below applied the law correctly; that a trial judge performed one's duty and did not rely upon anything in reaching a decision upon which one should not have relied; and that the action below was justified.

*State v. Phillips*, 2d Dist. Montgomery No. 29087, 2022-Ohio-1262, ¶ 24, quoting 5 Ohio Jurisprudence 3d, Appellate Review, Section 454. On appeal, Frazier has not raised an argument or identified evidence in the record that would cause us to dispense with the presumption of regularity that attends court proceedings. *State v. Davis*, 9th Dist. Summit No. 29824, 2021-Ohio-1796, ¶ 10.

**{¶11}** In conclusion, Frazier has not raised any argument to establish the error he claims on appeal. For this reason, he has failed to carry the burden of establishing plain error. Further, as Frazier has not demonstrated that his jointly recommended sentence was not authorized by law, his sentence is ultimately not reviewable pursuant to R.C. 2953.08(D)(1). *State v. Price*, 3d Dist. Crawford No. 3-23-04, 2023-Ohio-2810, ¶ 6. His sole assignment of error is overruled.

*Conclusion*

{¶12} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Hardin County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**WALDICK and MILLER, J.J., concur.**

**/hls**