[Cite as *State v. Pitts*, 2025-Ohio-2941.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    CASE NO. 1-24-72

v.

TEIR D. PITTS,

    OPINION AND
    JUDGMENT ENTRY

    DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No. CR2024 0138

Judgment Affirmed

Date of Decision: August 18, 2025

APPEARANCES:

    *Chima R. Ekeh* **for Appellant**

    *John R. Willamowski, Jr.* **for Appellee**

**MILLER, J.**

{¶1} Defendant-appellant, Teir Pitts ("Pitts"), appeals the November 12, 2024 judgment of the Allen County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} This cases arises from a November 8, 2023 incident, in which Pitts, an inmate in the Allen County Jail, and other inmates, verbally harassed a female corrections officer. When the officer called for assistance, another corrections officer entered Pitts's cell and was physically assaulted by Pitts. The corrections officer sustained injuries from the incident, including a cut lip and a broken tooth which subsequently required dental surgery.

{¶3} On June 13, 2024, the Allen County Grand Jury indicted Pitts on a single count of felonious assault in violation of R.C. 2903.11(A)(1), (D)(1)(a), a second-degree felony. At arraignment, Pitts entered a not-guilty plea to the indictment. The Grand Jury returned a superseding indictment on July 11, 2024 which charged Pitts with the same felonious assault charge but, now included a Repeat Violent Offender ("RVO") specification pursuant to R.C. 2941.149(A). At an arraignment held on July 22, 2024, Pitts entered a not-guilty plea to the superseding indictment.

{¶4} The parties appeared for a jury trial on September 30, 2024. However, before the commencement of trial, Pitts informed the court of his desire to change his plea. Pursuant to a negotiated-plea agreement, Pitts withdrew his guilty plea and

entered a guilty plea to the superseding indictment and the RVO specification which was amended to a discretionary sentence pursuant to R.C. 2929.14(B)(2)(a)(ii). The parties agreed to recommend an indefinite sentence of six to nine years for the felonious-assault charge. The trial court accepted Pitts's guilty pleas and found him guilty. The court continued the matter for sentencing and ordered a presentence investigation be prepared.

{¶5} On November 7, 2024, at the onset of the sentencing hearing, Pitts made an oral motion to withdraw his guilty plea. After conducting a hearing on Pitts's motion to withdraw, the trial court overruled the motion. The trial court proceeded to sentencing where it sentenced Pitts to an indefinite term of six to nine years in prison. The trial court imposed 605 days of post-release control to run consecutively to the sentence imposed on the felonious assault charge. No additional time was imposed for the RVO.

{¶6} Pitts filed a notice of appeal on November 15, 2024. He raises two assignments of error for our review.

**First Assignment of Error**

**Appellant's sentence is contrary to law. (Sent. Tr. pg. 103)**

{¶7} In his first assignment of error, Pitts argues that his sentence is contrary to law because the trial court allegedly erred in imposing 605 days of prison for Pitts's remaining post-release control without reducing the time by a 270-day administrative sanction he already served. For the reasons that follow, we disagree.

**{¶8}** "Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence 'only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law.'" *State v. Nienberg*, 2017-Ohio-2920, ¶ 8 (3d Dist.), quoting *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. "Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'"" *Id.*, quoting *Marcum* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

**{¶9}** "'R.C. 2929.141 governs sentencing for a felony offense committed while on post-release control[.]'" *State v. Mills*, 2022-Ohio-2821, ¶ 7 (3d Dist.), quoting *State v. Murray*, 2017-Ohio-1293, ¶ 10 (4th Dist.). R.C. 2929.141(A) states, in pertinent part, as follows:

> (A) Upon the conviction of or plea of guilty to a felony by a person on post-release control at the time of the commission of the felony, the court may terminate the term of post-release control, and the court may do either of the following regardless of whether the sentencing court or another court of this state imposed the original prison term for which the person is on post-release control:

> (1) In addition to any prison term for the new felony, impose a prison term for the post-release control violation. The maximum prison term for the violation shall be the greater of twelve months or the period of post-release control for the earlier felony minus any time the person has spent under post-release control for the earlier felony. In all cases, any prison term imposed for the violation shall be reduced by any prison term that is administratively imposed by the parole board as a post-release control sanction. A prison term imposed for the violation

shall be served consecutively to any prison term imposed for the new felony. The imposition of a prison term for the post-release control violation shall terminate the period of post-release control for the earlier felony.

(2) Impose a sanction under sections 2929.15 to 2929.18 of the Revised Code for the violation that shall be served concurrently or consecutively, as specified by the court, with any community control sanctions for the new felony.

{¶10} Pitts alleges that the trial court erred by imposing 605 days in prison for the violation of his post-release control. He concedes that the offense was committed while he was on post-release control supervision and that the trial court was entitled to terminate his post-release control and impose a prison sentence for the time he spent under post-release control for the earlier felony. However, he argues that the trial court erroneously included a 270-day administrative prison sentence imposed on him by the Adult Parole Authority ("APA") as a result of his post-release control violation in contravention of R.C. 2929.141(A)(1) ("In all cases, any prison term imposed for the violation [of post-release control] shall be reduced by any prison term that is administratively imposed by the parole board as a post-release control sanction.") After review, we do not find clear and convincing evidence that the record supports Pitts's argument.

{¶11} At the change-of-plea hearing on September 30, 2024, the trial court noted that Pitts would be subject to an additional sanction for violating the terms of his post release control and this judicial sanction would run consecutively to any sentence imposed for the felonious-assault charge. When the parties appeared for

sentencing on November 7, 2024, the State submitted a letter from the APA, dated that same day, indicating Pitts had 833 days remaining on post release control that could be imposed as a judicial sanction. (State's Ex. No. 14). However, the trial court did not impose all of the additional time referenced in the November 7, 2024 letter. From our review of the record, it appears the trial court was aware of the administrative sanction and took that into account when fashioning the judicial sanction of 605 days to be imposed consecutively to his sentence for the felonious assault.

{¶12} We recognize the information from the APA and the calculations involved are not a model of clarity regarding credit for time spent in relation to the various PRC violations. For example, from a Sanction Receipt and Prison Term Order from the APA (State's Ex. No. 16) it appears Pitts was incarcerated on November 3, 2023, five days before the felonious assault incident, and administratively sanctioned to 228 days incarceration as a result of an APA hearing held on December 14, 2023. Because the APA sanction imposed only 228 days to be served by Pitts, it appears the APA already afforded him 42 days of jail-time credit from the 270-day sanction.

{¶13} Because the record indicates the trial court was aware of the administrative sanction and did not impose the all of the available time Pitts had remaining on post release control, we do not find the record clearly and convincingly demonstrates any error by the trial court sentencing him to 605 days

in prison for the violation of the terms of his post-release control supervision. Additionally, because Pitts has failed to affirmatively demonstrate any failure to comply with R.C. 2929.141(A)(1), we therefore afford the trial court the presumption of regularity in the proceedings in accordance with the law. *State v. Edwards*, 157 Ohio St. 175, 183 (1952) (it is our duty to presume the trial court acted in accordance with the law unless the record demonstrates the contrary); *State v. Frazier*, 2024-Ohio-518, ¶ 10 (3d Dist.), quoting *State v. Phillips*, 2022-Ohio-1262, ¶ 24 (2d Dist.) ("'[I]n appeals, all reasonable presumptions consistent with the record will be indulged in favor of the legality of the proceedings below.'").

{¶14} Pitts's first assignment of error is overruled.

### Second Assignment of Error

**The trial court abused its discretion in overruling Appellant's motion to withdraw his guilty plea. (Sent. Tr. pg. 62).**

{¶15} In his second assignment of error, Pitts contends that the trial court erred by overruling his motion to withdraw his guilty plea.

{¶16} "The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court." *State v. Xie*, 62 Ohio St.3d 521 (1992), paragraph two of the syllabus. "Therefore, appellate review of a trial court's decision to deny a presentence motion to withdraw a guilty plea is limited to whether the trial court abused its discretion." *State v. Keehn*, 2014-Ohio-3872, ¶ 14 (3d Dist.). An abuse of discretion is more than a mere error in judgment;

it suggests that a decision is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157-158 (1980). "When applying this standard, a reviewing court may not simply substitute its judgment for that of the trial court." *Keehn* at ¶ 14, citing *State v. Adams*, 2009-Ohio-6863, ¶ 33 (3d Dist.).

{¶17} A motion to withdraw a guilty plea is governed by Crim.R. 32.1, which provides:

> A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

Although "a presentence motion to withdraw a guilty plea should be freely and liberally granted[,] . . . a defendant does not have an absolute right to withdraw a plea prior to sentencing." *Xie* at 527.

{¶18} "A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Id.* at paragraph one of the syllabus.

> When reviewing a trial court's denial of a presentence motion to withdraw a guilty plea, this court considers several factors, including: (1) whether the withdrawal will prejudice the prosecution; (2) the representation afforded to the defendant by counsel; (3) the extent of the hearing held pursuant to Crim. R. 11; (4) the extent of the hearing on the motion to withdraw the plea; (5) whether the trial court gave full and fair consideration of the motion; (6) whether the timing of the motion was reasonable; (7) the stated reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charges.

*State v. Liles*, 2019-Ohio-3029, ¶ 11 (3d Dist.). "None of the factors is determinative on its own and there may be numerous additional aspects 'weighed' in each case." *State v. North*, 2015-Ohio-720, ¶ 16 (3d Dist.).

{¶19} Pitts argues that, contrary to the trial court's conclusion, the above-listed factors weigh in favor of him withdrawing his guilty plea. After reviewing the record, we disagree.

{¶20} First, we consider whether the State would be prejudiced by the withdrawal of the guilty plea. At the hearing, the State argued that it may be prejudiced by the withdrawal of the guilty plea due to difficulty tracking down a witness. The witness, who was no longer employed at the jail, posed challenges to locate and serve with a subpoena. However, the State noted that they were eventually able to subpoena the witness for the scheduled trial and had some confidence that the witness would have appeared for trial.

{¶21} Second, Pitts argued his trial counsel was ineffective for several reasons. He contended his trial counsel had done "nothing" for him, including allegedly refusing to file several motions, prompting Pitts to attempt to file them pro se. He stated that he and counsel clashed due to his perception that his counsel was not working diligently on his case and his counsel's alleged refusal to raise certain issues. Pitts also argued that he understood the plea agreement to be a fixed term of six years, rather than the indefinite term of six to nine years, and he blamed his trial counsel for the confusion.

{¶22} The record does indicate that Pitts did indeed attempt to file several pretrial motions pro se. However, there is no indication the motions had merit. As the trial court noted, Pitts's counsel had a professional duty not to file frivolous motions. Pitts's argument that he did not understand the plea agreement is not supported by the record. At the change-of-plea hearing, Pitts did initially indicate some confusion regarding the indefinite nature of the jointly-recommended prison term. However, the trial court gave a detailed explanation of the indefinite sentencing paradigm, and, during this explanation, Pitts repeatedly confirmed that he understood that the agreed sentence was six to nine years in prison. Accordingly, his argument that he did not understand the indefinite nature of his sentence at the hearing on his motion to withdraw his guilty plea rings hollow.

{¶23} With respect to the third factor, Pitts conceded the trial court's Crim.R. 11 colloquy was proper and that this factor weighs against him. After reviewing the transcript of the change-of-plea hearing, we agree.

{¶24} Regarding the fourth and fifth factors, Pitts challenges the extent of the hearing on his motion to withdraw and alleges the trial court did not give full and fair consideration of the motion. We disagree. A review of the transcript of the change-of-plea hearing indicates that the trial court conducted a thorough hearing on the motion to withdraw. At the hearing, Pitts and his trial counsel provided detailed arguments relating to the relevant considerations. Based on the trial court's

statements, it is clear the trial court understood and considered the arguments made by Pitts and his counsel, even though the court ultimately overruled the motion.

**{¶25}** Relating to sixth factor, the oral motion to withdraw the guilty plea was made at the commencement of the sentencing hearing. The trial court stated that, late in the previous day, it became aware that Pitts may be seeking to withdraw his guilty plea, but it was not until the parties appeared for sentencing that the motion was made. Although Pitts places great emphasis on the fact that the parties had some knowledge that he was considering filing a motion to withdraw his guilty plea, under the circumstances present here, we do not find his argument with respect to this factor to be compelling.

**{¶26}** Pitts's stated reason for the motion was that he believed that he had a self-defense claim. Pitts informed the court he believed the corrections officer broke protocol by entering his cell, causing Pitts to fear for his safety and use physical force against the officer. Pitts contends the trial court did not consider his argument and "shut [him] down" when he tried to give the trial court more details. Specifically, Pitts alleges that he tried to explain to the trial court that he wanted to present the incident report written by the corrections officer to support his theory of self-defense, and the trial court erred by not permitting him to explain his argument in more detail. However, from the transcript of the hearing, it is clear the trial court understood the basis of Pitts's argument and was only trying to protect him from making statements that could later be used to his detriment.

{¶27} With respect to the eighth factor relating to whether Pitts understood the nature of the charges and potential sentences, Pitts concedes that he fully understood the nature of the charges. However, he alleges that he did not understand the plea deal with the State and had the mistaken impression that the jointly-recommended sentence was a definite term of six years. As detailed in our discussion of the second factor, although Pitts did initially express some confusion regarding the indefinite nature of his sentence, those concerns were addressed in great detail by the trial court, and Pitts expressed several times that he understood the indefinite nature of his sentence prior to entering his plea of guilty. Accordingly, this factor weighs against Pitts. The trial court further stated that it "took great care to watch [Pitts's] body language and to listen to the tone of his voice while he was answering for any sign he was confused" and found none. (JE Denying Motion to Withdraw Plea, Nov. 12, 2024).

{¶28} Finally, Pitts argued he has a complete defense to the charges because his actions were allegedly made in self-defense. However, the trial court found that Pitts "acknowledged that he struck the corrections officer because he believed the officer was coming to 'do harm' to him by the way he entered the cell." (JE Denying Motion to Withdraw Plea, Nov. 12, 2024). Yet, "[t]here was no evidence that even after being struck by the defendant that the officer did anything to harm the defendant" and Pitts had "had no other evidence to support his belief" that he acted in self-defense. (*Id.*).

{¶29} After reviewing all the applicable factors in light of the totality of the circumstances, the trial court's decision to deny Pitts's motion was not unreasonable, arbitrary, or unconscionable. From the record, it appears that Pitts had a change of heart regarding his decision to enter a guilty plea, which does not serve as a "reasonable basis requiring a trial court to permit the defendant to withdraw the plea." *State v. Campbell*, 2009-Ohio-4992, ¶ 7 (4th Dist.). Accordingly, we find that the trial court did not abuse its discretion by denying Pitts's motion to withdraw his guilty plea.

{¶30} Pitts's second assignment of error is overruled.

*Conclusion*

{¶31} Pitts's assignments of error are overruled. Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the Allen County Court of Common Pleas.

***Judgment Affirmed***

**WALDICK, P.J. and ZIMMERMAN, J., concur.**

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the assignments of error are overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

_____
Mark C. Miller, Judge


_____
Juergen A. Waldick, Judge


_____
William R. Zimmerman, Judge

DATED:
/jlm